CHARLES A. CRAWFORD, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY, Appellant.

*Court of Appeals, April* 15, 1890.

*Evidence. Objection.*—A general objection to evidence is good provided the evidence is incompetent and the objections could not have been obviated; but it is insufficient, where the form of the question, on a more specific objection, might have been so changed as to obviate the objection.

Appeal from a judgment of the general term of the New York common pleas, affirming a judgment entered upon a verdict.

*Brainard Tolles*, for appellant.

*Stanley W. Dexter*, for respondent.

HAIGHT J.—This action was brought to recover damages for the maintenance and operation of the elevated railway of the defendant in front of the property of the plaintiff in West Third Street, New York city, during the six years immediately prior to the 30th day of January, 1885.

Upon the trial, Frederick H. Selleck was sworn as a witness in behalf of the plaintiff, and testified that he had occupied the front room of the second story over the parlor of the plaintiff's house, for which he paid five dollars a week; that the elevated road was an annoyance to him as a lodger, and that the room was of less value on that account. He was then asked the following question : " What would the room which you occupied, and for which you said you paid five dollars, have been worth if the elevated railroad had not been opposite the house? " This question was objected to on the ground that it was incompetent and that the witness was not an expert. The objection was overruled, and the witness answered that he did not know; that it would be worth more, of course, a great deal. He was then asked how much more, to which the same objection and ruling was made, and the witness answered: " Probably seven or eight dollars instead of five."

Gilbert Plowman was also sworn as a witness for the plaintiff, and he testified that he occupied the front room over the parlor in 1886, and that he paid therefor twelve dollars a week for the board of himself and wife ; that he was annoyed by the presence of the elevated railroad, and thought the rooms would have been worth more to him if the railroad were not there. He was then asked by plaintiff's counsel, " What would it have been worth, without the elevated railroad in front of it, a week? " Objection was taken to the question as incompetent, irrelevant and immaterial, which was overruled, and the witness answered, fifteen dollars. Exceptions were taken to the foregoing rulings, which pre-

sent the only questions which we are called upon to consider on this appeal.

The appellant relies upon the case of McGean *v.* The Manhattan Railway Co., 27 N. Y. State Rep. 337.. In that case the question was, " What would have been the fair rental value of this property in the years 1879, 1880 and 1887 if the railroad had not been built? " It was objected to as being incompetent, irrelevant, hypothetical, and that the witness was not competent to give an opinion. The objection was overruled and the evidence was received. Upon review it was intimated that the evidence was incompetent, but it was held that the objection was not placed upon the ground that the opinion of the witness was inadmissible on that subject, and the judgment was affirmed. Under the view which we have taken of this case, it becomes unnecessary to consider the question of the admissibility of this evidence. Whilst the case of McGean *v.* The Manhattan Railway Co., may be an authority for the appellant upon the admissibility of the evidence objected to, it is at the same time an adverse authority upon the sufficiency of the objections. We are aware of the general rule to the effect that a general objection is good provided the evidence is incompetent and the objections could not have been obviated, and that it is claimed that no evidence that could have been introduced would have made competent the opinions of these witnesses; but had the objection been placed upon the specific ground that the opinions of these witnesses were not competent upon the question of rental value, the form of the question might have been so changed as to obviate the objection. Ward *v.* Kilpatrick, 85 N. Y. 413–417.

For this reason we are of the opinion that the judgment should be affirmed, with costs.

All concur.