### WALLACE *v.* VACUUM OIL CO.

(*Supreme Court, General Term, Fifth Department.* January 24, 1891.)

1. TRIAL—OBJECTIONS TO EVIDENCE—SPECIFICATIONS.

   In an action for personal injuries, evidence that in the opinion of the witness plaintiff's condition is not likely to improve is admissible, and a general objection that it is immaterial and incompetent is insufficient to present any question for review. The grounds of objection should be specified.

2. EXCESSIVE DAMAGES—PERSONAL INJURIES.

   A verdict for $14,000 for personal injuries is not excessive where there is evidence that plaintiff, a vigorous man about 59 years old, lost the sight of one eye; that his hearing was impaired; that one finger was stiffened and deformed; that a portion of his head and neck was stiffened; that his head was tilted, and his face disfigured;

that chronic bronchitis and asthma were produced; that his heart was affected, his spine injured, and his nervous system shattered; that he would never recover his health; and that he had paid out large sums and incurred large liabilities for medical services.

Appeal from circuit court, Monroe county.

Action by William Wallace against the Vacuum Oil Company. Judgment was entered on a verdict for plaintiff, and a motion for a new trial was denied, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Marsenus H. Briggs,* for appellant.   *E. B. Fenner,* for respondent.

CORLETT, J. On the 21st day of December, 1887, the plaintiff was injured in the Jefferson mill in the city of Rochester, by an explosion of naphtha. He brought an action against the defendant to recover damages. A trial was had in March, 1890, which resulted in a verdict for the plaintiff of $14,000. The defendant moved for a new trial, on exceptions, and because of excessive damages, which was denied. Judgment was entered on the verdict, from which and the order denying the motion for a new trial the defendant appealed to this court. The plaintiff had been at work as second miller in the Jefferson flouring-mill on Mill street in the city of Rochester for four or five years before the injury. There was a city sewer under the mill, from which various odors emanated, but the plaintiff's health was not impaired by them. The plaintiff was a strong, healthy, and vigorous man, about 59 years of age. He had never been prevented by sickness from attending to his duties in the mill. The defendant is a corporation engaged in the manufacture of naphtha and other products of petroleum. Its refinery is in the southern part of the city of Rochester. A little north of West Main street the municipal gas company was engaged in the manufacture of illuminating gas, and required for its business large quantities of naphtha. In 1881 the defendant caused a three-inch pipe to be laid from a point near the municipal gas-works to its own works, a distance of a mile and a half. This pipe was used for the purpose of bringing to the defendant, from the Rochester & Pittsburgh Railroad, which ran near the municipal gas company, its supply of crude petroleum. This pipe continued to be used for this purpose until the fall of 1884, when the defendant made other arrangements, and began to use the same pipe for the delivery of naphtha to the gas company, which was continued down to the explosion. The pipe was laid in the bed of the abandoned Genesee Valley canal. At a point 2,000 feet south from the northern end of the pipe, and about a mile north from its southern end, Atkisson-Street bridge crosses the railroad. Near this place, under the railroad track, there was a large trunk sewer, blasted in the rocks, beginning some distance south of Atkisson street, and extending north in the bed of the canal, and, by connection with other sewers, ultimately discharging into the Platt-Street sewer, running under the Jefferson mill, situated on Brown's race, and from thence into the Genesee river. For some time prior to the accident the city of Rochester had been engaged in constructing a sewer on Atkisson street, of considerable depth, which opened at right angles into the trunk sewer under the railroad. Excavations exposed the lower side of the track, which had been supported by heavy beams for the purpose of constructing the work. Under one of these timbers the workmen had exposed the defendant's pipe. During the progress of this work it became necessary to remove the rock to a depth of many feet under the pipe. Blasting was resorted to for that purpose. By the blasts rocks and timber were violently thrown against the under part of the pipe, resulting in bending it upward, and causing its fracture. The last time the pipe was used before the accident was the 7th day of December. On that day, naphtha was delivered from the defendant's works to the municipal gas company to the amount of 12,000 gallons. Upon the following day the first blast ex-

ploded under the pipe. This caused a deflection of the pipe which was no-
ticed by several persons a day or two after. On the 21st day of December,
just before noon, the defendant received an order from the gas company for
more naphtha. It sent its servant, Sweeny, to the gas-works to receive the
supply demanded, and about noon commenced sending it to the gas-works.
Sweeny remained there until 2 o'clock, and, finding that no naphtha had
come, went to the defendant's works to ascertain the cause. It was then
learned that the naphtha escaped through the rupture in the pipe; that, while
the defendant had sent naphtha in large quantities, it all escaped into the
main sewer and the connecting ones, and thence into the mill, thus produc-
ing the explosion. No claim is made that the plaintiff was guilty of any neg-
ligence which contributed to the injury; nor does the learned counsel for the
appellant argue that the defendant was not guilty of the negligence which
caused the accident. This concession is based upon former decisions of this
court. *Lee* v. *Oil Co.*, 7 N. Y. Supp. 426.

The defendant comes here with two contentions: One, that there were ma-
terial errors in the admission of evidence on the trial; and the other, that the
damages were excessive. The evidence admitted, to which exceptions were
taken, is as follows: "*Question.* Taking into consideration his age, his in-
juries, as you have come to know them, is it your opinion that the trouble
with the heart is likely to become less in his case,—that there will be an im-
provement or not? (Objected to as immaterial and incompetent. Received.
Exception.) *Q.* Assuming the man's age to be from 58 to 60 years, and judg-
ing from that and from the whole history of his case, and what you have
learned of it in all ways, would you say that it is your opinion that the trou-
ble of the heart is likely to improve to any extent in his case or not? (Ob-
jected to as immaterial and incompetent. Received. Exception.) *Answer.*
I think he is not likely to improve. *Q.* The same question in regard to his
neck and spine and the position of his head,—what do you say in regard to
that trouble, from your history of the case, and your experience with it? (Ob-
jected to as immaterial and incompetent. Received. Exception.) *A.* The
spinal trouble would improve were it not for the fact that he is obliged to
carry himself in this condition. That will keep up an irritation of the spine
continually, because this stiffening cannot be removed. *Q.* Judging from all
the ailments in this case,—all that you have learned of,—is it your opinion that
the disability of Mr. Wallace which now exists in various forms, whatever
they may be, that he is likely to grow better, and his condition improve or
not? (Objected to. Received. Exception.) *A.* He is not likely to grow
better." Evidence of the character received is admissible. *Griswold* v. *Rail-
road Co.*, 115 N. Y. 61, 21 N. E. Rep. 726; *Turner* v. *City of Newburgh*, 109 N.
Y. 309, 16 N. E. Rep. 344; *McCain* v. *Railroad Co.*, 116 N. Y. 468, 22 N. E.
Rep. 1062; *Alberti* v. *Railroad Co.*, 118 N. Y. 77, 23 N. E. Rep. 35; *Jones* v.
*Railroad Co.*, 40 Hun, 350; *Strohm* v. *Railroad Co.*, 96 N. Y. 305; *Tozer* v.
*Railroad Co.*, 38 Hun, 100. It is the general rule, for obvious reasons, that
where evidence of the character offered is admissible, an objection is not avail-
able on appeal unless the grounds are clearly and distinctly pointed out. If
for any reason a question is objectionable in form, or if it covers too much
ground, or embraces various elements which ought not to be included, par-
ticular attention should be called to those objectionable parts, so that the
question could be modified or withdrawn, and put in such a form as not to
be objectionable. Where the difficulty could not be obviated by a specific ob-
jection, if taken, a general objection is sufficient. *Merritt* v. *Seaman*, 6 N.
Y. 168. In all other cases objections must be specified or they are not availa-
ble. In *Merritt* v. *Briggs*, 57 N. Y. 651, 652, the defendant, as a witness on
his own behalf, was asked this question: "State on whose credit the cattle
were bought." This was objected to generally, no ground of objection being
stated. The objection was overruled. The witness answered that he bought

them on Mr. Hall's credit. It was held that the question was incompetent, as it called for the opinion of the witness; but, as the objection was general, the exception was not available. All the cases are to the same effect. *Crawford* v. *Railroad Co.*, 120 N. Y. 624, 24 N. E. Rep. 305; *McGean* v. *Railroad Co.*, 117 N. Y. 219, 22 N. E. Rep. 957. In *Ward* v. *Killpatrick*, 85 N. Y. 413–417, the court say: "The form of the question could have been changed, or the party might have acquiesced in the incorrectness of the evidence, and withdrawn the question entirely." Numerous cases have been decided applying this rule to a great variety of facts. *Quinby* v. *Straus*, 90 N. Y. 664; *Tooley* v. *Bacon*, 70 N. Y. 34; *Williams* v. *Sargeant*, 46 N. Y. 481; *Marston* v. *Gould*, 69 N. Y. 221. All of the objections in the case at bar were general. None of them stated the precise ground upon which the question was objectionable. The grounds of the objection stated were that the evidence was immaterial and incompetent. It need not be said that such objections do not call attention to any specific grounds of the slightest importance. If the evidence was simply immaterial, its admission would not be cause for reversal. Besides, the appellant's position now is that the evidence objected to was material. The objection of incompetency is only a general one. The exceptions, therefore, to the admission of evidence present no questions for review.

Was the verdict excessive? The learned counsel for the appellant admits that the plaintiff received serious injuries; also that he was disfigured for life. The evidence on the part of the plaintiff tended to show that he lost the sight of one eye; that his hearing was injured; one finger stiffened and deformed; a portion of his head numbed, and neck stiffened; the head tilted, and face unnatural and mottled; that bronchitis was produced, which had assumed a chronic form, including asthma; that his heart was affected; nervous system shattered; his spine injured; in short, that he had been made a physical wreck, and that the balance of his days would be without comfort, and full of suffering. Also that he had paid out for doctoring a large sum of money, and incurred other liabilities for medical aid. It appeared that before the injury he was full of life and vigor. It is true that his chances of life on account of his age, according to the Northampton tables, would only be about 9 years. But this expectation would not have been increased over 5 or 6 years, no matter what his age was, by the same tables. A person at 21 has only a little more than 5 years in store for him, more than one of 60. This simply illustrates the proposition that where a person has survived the perils of life for 60 years, his relative expectations for its continuance are much greater than when he was twenty-one. In a case like this the question of damages must, as a general rule, rest with the jury. *Minick* v. *City of Troy*, 19 Hun, 253–258; *Kiff* v. *Youmans*, 20 Hun, 125; *Walker* v. *Railroad Co.*, 63 Barb. 266; *Hickenbottom* v. *Railroad Co.*, 15 N. Y. St. Rep. 11; affirmed, 25 N. E. Rep. 279. So far as the case shows, the jury was not affected by prejudice or other improper considerations. The charge of the trial court on that subject was favorable to the defendant. The jury and court had before them the plaintiff and all the witnesses; and the trial court, after the verdict, saw no reason for setting it aside because of its being excessive. The judgment and order must be affirmed. All concur.