HERBST v. VACUUM OIL CO.

*(Supreme Court, General Term, Fifth Department.   October, 1891.)*

APPEAL—DISCRETION OF TRIAL COURT—NEW TRIAL.

> An order granting a new trial on the ground that the damages are excessive will not be disturbed on appeal, where the evidence is conflicting; Code Civil Proc. N. Y. § 999, authorizing a trial judge to grant a new trial in his discretion on such grounds.

Appeal from circuit court, Monroe county.

Action by Ludwig Herbst against the Vacuum Oil Company for personal injuries. From an order granting a motion to set aside the verdict of the jury in favor of plaintiff and for a new trial plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Geo. Truesdale*, for appellant.   *M. H. Briggs*, for respondent.

DWIGHT, P. J.   The verdict was set aside on the ground that the damages awarded thereby were excessive. The action was for injuries to the person

of the plaintiff, resulting from the explosion of naphtha in the sewers of Rochester, in December, 1887, out of which occurrence grew the actions of Burch, Bridgman, and others against the same defendant, in all of which cases the liability of the defendant was adjudged by this court and by the court of appeals.[1] The motion to set aside the verdict, on the ground that it awarded damages in excess of the amount fairly established by the evidence, was one which the trial judge was expressly authorized in his discretion to entertain, (Code Civil Proc. § 999,) and an order made either granting or denying such a motion is of course appealable to this court. But we are not advised of any case, and have looked in vain for one, in which the order of the trial court granting the motion, on the ground mentioned, has been reversed on appeal. The absence of such cases is significant of two facts: (1) That the order is one not very frequently granted; and (2) that the trial court is recognized as the tribunal most competent to review, in this respect, the verdict of a jury rendered to it. The latter proposition would seem to be especially true in cases of the particular character of the one before us. Here the question involved was of the character, extent, and probable permanency of the injuries sustained by the plaintiff, and of those matters the trial court had, to a large extent, ocular demonstration. Before it the plaintiff appeared, in person, both as party and witness, during a protracted trial. One of the injuries of which he chiefly complained was that to his nervous system, producing, as it is said, shortness of breath, defects of sight and hearing, rheumatism, feebleness, a tottering gait, "a state bordering on paralysis." These were symptoms or conditions more or less open to the observation of the judge, to whose scrutiny the plaintiff was subjected throughout the trial. Moreover, where the testimony of other witnesses is conflicting, the trial court has the undoubted advantage of seeing all the witnesses on the stand, and noting the comparative frankness and intelligence with which their testimony is given. When, therefore, the trial judge finds himself constrained to set aside the verdict of a jury in such a case, it is not improper for the appellate court to defer largely to his judgment; and we think it not unreasonable to state the rule that, unless it clearly appears from the record that the trial judge has mistaken his duty and improperly invaded the province of the jury, his order should stand, and the case be sent to another jury for trial. For undoubtedly a jury is to be the final arbiter of the question at issue, and the only effect of sustaining the action of the trial court is that it shall be submitted to a second jury, either to confirm or modify the finding of the first. In this case we are free to say that, if the question had been submitted to us as an original one, we should probably not have felt called upon, by what appears on the face of the record in this case, to interfere with the verdict already rendered. But recognizing the superior opportunity for judgment of the trial court in a case in which the evidence is, to say the least, strongly conflicting, we deem it our duty to affirm the order made below. Order granting a new trial affirmed, with costs of this appeal to abide the event. All concur.

[1] See Burch v. Oil Co., (Sup.) 8 N. Y. Supp. 944, affirmed in 27 N. E. Rep. 410; Bridgman v. Oil Co., (Sup.) 8 N. Y. Supp. 944, affirmed in 27 N. E. Rep. 410; Lee v. Oil Co., (Sup.) 7 N. Y. Supp. 426, 27 N. E. Rep. 409, 1018, 1020; Wallace v. Oil Co., (Sup.) 12 N. Y. Supp. 425, affirmed in 27 N. E. Rep. 956.