of all the facts and circumstances as Mr. Jones could be, and to hold that the plaintiff was bound to show that in this simple contract of employment his assignor had entered into a detailed explanation of all of the contingencies which might surround the causes of action which the defendant desired to assert is absurd, and not within the contemplation of the rule. Reason is the soul of law, and when the reason of any particular law ceases, so does the law itself. Broom, Leg. Max. 133. If the plaintiff's assignor had, after entering into the relation of attorney for the defendant, made a contract with the latter in respect to some matter growing out of the new relation, the cases would be within the rule, but under the circumstances disclosed by the evidence the plaintiff was called upon merely to establish his case to the satisfaction of the jury, and this he has done.

It does not seem to be necessary to follow this case farther. We have examined the questions presented, and we do not find error. The judgment should not, therefore, be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

## In re BENTON et al.

### In re GRIDLEY'S WILL.

(Supreme Court, Appellate Division, Second Department. April 18. 1902.)

1. EVIDENCE—MANAGING PROPERTY—VALUE OF SERVICES.
    On the issue as to the value of services rendered to a deceased party in managing her property during her life, evidence as to such value by a witness familiar with the management of property and having knowledge of the particular property in question was competent.

2. SAME—EXPERT TESTIMONY.
    Testimony as to the value of such services as witness had heard them described by the persons claiming compensation was proper.

3. APPEAL—HARMLESS ERROR—SURROGATE'S DECREE.
    Under Code Civ. Proc. § 2545, providing that a surrogate's decree shall not be reversed for error in the admission or exclusion of evidence unless exceptant was necessarily prejudiced thereby, a decree will not be reversed for the admission of improper evidence unless it is apparent that without it respondent could not have succeeded.

Appeal from surrogate's court, Dutchess county.

Judicial settlement of the accounts of Charles E. Benton and Miles K. Lewis, as executors of the will of Emeline Gridley, deceased. From a decree establishing an indebtedness on the part of deceased to the executors, the board of Foreign Missions of the Presbyterian Church of the United States and another, as residuary legatees, appeal. Affirmed.

Frank B. Lown, for appellants.
Allison Butts, for respondents.

HIRSCHBERG, J. The deceased, Emeline Gridley, was a very old woman at the time of her death, and was possessed of a considerable estate, both real and personal. By reason of her age and in-

firmities, she was unable to attend to the business exactions of her property during the last years of her life, but relied upon the claimants in that regard, by whom the business of her estate was accordingly transacted. It is unnecessary to refer to their services in detail. The claimants are the executors of the estate. Each was a witness for the other, both in respect to the nature of the work performed and the promise by the deceased of payment on the final settlement of the estate; and, while this circumstance requires that the evidence of each should be carefully scanned, there is nothing which justifies a reversal of the conclusion reached by the learned surrogate to the effect that the claimants and the deceased together expected and intended that the former should be fully paid for the services rendered to the latter during her lifetime out of her estate upon its final settlement. The claimants are corroborated upon the question of the expectation of payment by the evidence of other and apparently disinterested witnesses. They are also corroborated on the question of services rendered, the attorney for the deceased testifying, among others, that no other person than the claimants had anything to do with the management of the property of the deceased during the last eight years of her life, and that, if he wanted to know anything incidental to the transaction of her law business, she would always refer him to one of them. Under the circumstances the result reached in the court below is in entire harmony with the decision of the court of appeals in Re Smith, 153 N. Y. 124, 47 N. E. 33,—a case in many of its features analogous to the one at bar. The amount which the learned surrogate has allowed is fully justified by the evidence of those who were examined as experts, and the decree must be affirmed, unless there is reversible error to be found in the rulings. The learned counsel for the appellants contends that it was error to allow Newton Hebard, a bank cashier, to testify to the amount which, in his judgment, it was worth to manage and take charge of the business and property of Mrs. Gridley. The point is made that no attempt was made to qualify him to testify as an expert, but the objections taken upon the trial were that his evidence was incompetent and improper. The witness had testified that he had experience in farming and in the settlement of estates, that he was generally familiar with the business of the deceased, that he knew her estate and property, and that his knowledge coincided with the description given by the other witnesses. His opinion as to value cannot be said to be either incompetent or improper. Crawford v. Railway Co., 120 N. Y. 624, 24 N. E. 305; People v. Place, 157 N. Y. 584, 600, 52 N. E. 576. The form of the question might, perhaps, be criticised, and it may be that the appellants could have required a hypothetical question to be framed; but this was not done, and we must deal with the exceptions as taken. No one could give an opinion of value based upon the rendition by others of precisely similar services to those here in question, and the evidence elicited from this witness and others similar in character was probably the best the nature of the case permitted. See Edgecomb v. Buckhout, 146 N. Y. 332, 40 N. E. 991, 28 L. R. A. 816, and Gall v. Gall, 27 App. Div. 173, 50 N. Y. Supp. 563. The witness Alfred H. Peters was permitted

to testify as to the value of the claimants' services as he had heard them described by the claimants as witnesses. The question was proper, within the cases of McCollum v. Seward, 62 N. Y. 316, and Seymour v. Fellows, 77 N. Y. 178, 180; authorities on this point which are neither expressly nor necessarily overruled by the later case of People v. McElvaine, 121 N. Y. 250, 24 N. E. 465, 18 Am. St. Rep. 820, as the distinction is pointed out in the Seymour Case, 77 N. Y. 181, in discussing Reynolds v. Robinson, 64 N. Y. 595. But, even if the rulings referred to, and others to which our attention is directed, of a like nature, are erroneous, there was evidence on the question of value to which no objection was taken, sufficient to support the decree, as well as evidence to which no valid objection could be taken. In view of the nature of the case, it could hardly be considered that on a trial without a jury the appellants were seriously prejudiced by the expression of an opinion on the part of a witness whose sources of information were limited, nor should it be assumed that the court did not weigh and consider the limited knowledge or experience of the witness in estimating the value to be given to his opinion. Section 2545 of the Code of Civil Procedure provides that a decree of a surrogate "shall not be reversed for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby." In the application of this section the court of appeals has held (Loder v. Whelpley, 111 N. Y. 239, 247, 18 N. E. 876) "that an appeal must fail unless it is apparent that without the improper evidence the respondent had not succeeded." We think the decree should be affirmed.

Decree affirmed, with costs. All concur; BARTLETT, J., in result.