May Term,
1856.

JONES
v.
THE MILTON
AND RUSH-
VILLE TURN-
PIKE CO.

</div>

----•◦•----

<div style="text-align:right">

7   547
142   394

</div>

JONES and Others *v.* THE MILTON AND RUSHVILLE TURN-
PIKE COMPANY.

A subscription of stock to a turnpike company, made by an agent, in the name of the principal, without proper authority, will bind the latter, if he subsequently ratifies it.

Parol evidence is not admissible, except in a case of fraud, to show that a subscription of stock, absolute on its face, was made subject to conditions.

Suit upon a subscription to a turnpike company, to recover instalments. It was objected that notice of the meeting for the election of directors was not proved, but it appeared that the defendants were present by their proxy and voted at the election. *Held*, that the objection was unimportant.

A subscription of stock, to the amount of 1,200 dollars, was made by three persons jointly to a turnpike company. They afterwards, without the assent of the company, procured their names to be put down as separate subscribers of 400 dollars each, upon the copy of the articles which was recorded in the recorder's office. In a suit against them jointly for instalments due upon the subscription of 1,200 dollars, a copy of the articles as recorded in the recorder's office, was produced in evidence, but the facts above stated were shown by parol evidence. *Held*, that the defendants were jointly liable.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—Suit to recover instalments of stock subscribed to a turnpike company. The making of the subscription was denied under oath.

<div style="text-align:right">

*Saturday,*
*June 7.*

</div>

May Term,
1856.

Jones
v.
The Milton
and Rush-
ville Turn-
pike Co.

We think the evidence adduced on the trial authorized the jury to find that the subscription had been made. A subscription made by an agent, though beyond his given powers, if ratified by his principal, will bind the latter. An attempt was made to set up parol conditions upon which the stock was subscribed. This was not allowable, except in a case of fraud. *Ferris* v. *Ludlow, ante,* p. 517.— *Railsback* v. *The Liberty and Abington Turnpike Company,* 2 Ind. R. 656.

It is objected that notice of the meeting for the election of directors was not proved; but the objection is, in this case, unimportant, as, from the evidence, it appears that the subscribers here sued were present by their proxy and voted at the election. *Judah* v. *The American, &c., Company,* 4 Ind. R. 333.

This suit was commenced on the 20th of *December,* 1854, against *Jones, Shishler* and *Swafford,* partners, upon a joint subscription, in the firm name, of 1,200 dollars of stock. On the trial of the cause, a copy of the articles of association of the company, from the recorder's office of the proper county, was given in evidence, which showed a separate subscription of 400 dollars by each of said partners; "but there was parol evidence tending to show that the subscription of the defendants to the copy of the articles recorded in *June,* 1854, was put down separately to said copy so recorded, without authority of the company, under a private arrangement with the defendants and others; and it was established that the original subscription was in the firm name."

The contract of the defendants with the company was joint, the articles of association were recorded by order of the company in time, and the variance in the form of the subscription of the defendants, appearing in the copy as recorded, having been produced by their own wrong, without the authority of the company, they can not avail themselves of it to defeat this suit.

The decision of all the points made by counsel is involved in what we have already said, so far as they are material in this case, and need not be separately noticed.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. B. Julian* and *J. Perry*, for the appellants.

*J. S. Newman*, *J. P. Siddall* and *O. P. Morton*, for the appellees.