Bacon, J.
 

 Several objections were taken to the right to recover, in this case, only two of which are of sufficient importance to merit discussion, and they can, in my judgment, be disposed of without difficulty. In the first place it is said that the bond was not valid, because its issue was not authorized at a regular meeting of the Board of Directors. If the directors had power, by vote, to authorize the issuing of the bond in this case, I am not aware of anything in the act permitting their organization, in their articles of association, or in the general statutes of the State, that requires this action to be at what is designated as a regular meeting, nor indicating even what shall be held to be a regular meeting. No such provision of law, or of any statute, has been pointed out. It is stated by the counsel for the defendant, in his points, that the meeting at which the vote was taken, authorizing the issue of the bonds, was irregular, because the regular meeting was on Friday, and this meeting purports to have been held on Monday. It is probable that there is some provision in the by-laws of this plankroad company designating Friday as the regular day of meeting, but these by-laws are not set forth in the Case. An extract, however, is given from them to the effect that whenever, at a regular meeting of the board, there shall less than a quorum attend, and three or more directors are present, those present pha.11 have power to adjourn to such time and place as they
 
 *298
 
 may deem proper, not passing over the next regular meeting. It is shown, in this case, that a meeting did take place on Friday, the 31st of August, at which three directors were present, and that, on motion, they adjourned oyer to Monday, the 3d of September following, which is precisely within the terms of the by-laws. At this meeting, on the 3d of September, five directors, being a quorum, were present, -and then the resolution was proposed and adopted, which authorized the issuing of the bonds of the company. This is a reasonable by-law, and I can see no fair objection to the proceeding, so far as relates to the formal action of the board. ' If it was a legal meeting, as I think, beyond question, it was, they had the right to pass any resolution, and take any action which did not violate the law of their organization, or exceed the powers with which, as a corporate body, they were invested.
 

 The next question is whether, conceding the meeting to • have been regular, the directors had power, under the resolution they adopted, to borrow the money and issue the bonds upon which the indebtedness qf the company accrued to the plaintiff. The referee has found, and such, unquestionably, is the evidence, that the plaukroad company, at or about the date of the bond, borrowed and received of the plaintiff the sum of $900 in cash, and thereupon issued the bond to"him; and that this money was borrowed, and was actually used by the company for the "purpose of paying for work, labor and materials, employed by them in the construction of their road. This being undisputed, it results, upon principles which, if heretofore doubted, are now well settled in this court, that the company could properly give as evidence of their indebtedness, the security in the form adopted in' this case. ' This was very clearly held in the case of
 
 Barry
 
 v.
 
 The Merchants' Exchange Company
 
 (1 Sand. Ch., 280). The -capital of the company, in that case, was one million of dollars, and after the destruction of their original edifice, they rebuilt it at double that sum, defraying the expense over and above the capital, by loans procured upon their corporate bonds. These were held valid, upon the clearly announced doctrine that a corporation in order to attain
 
 *299
 
 its legitimate objects, may deal precisely as an individual may, who seeks to accomplish the same ends. “ If chartered for the purpose of building a bridge, it may contract a debt for labor, the materials, or the land upon which the bridge is abutted. If more advantageous, it may borrow money to purchase such land or materials, or to nay for such labor, and, as the evidence of the indebtedness, it may execute to the creditors a note, a bond or mortgage, whether the debt be for the money borrowed, or for the work, materials or land.”
 

 This case is cited approvingly in
 
 Curtis
 
 v.
 
 Leavitt (15
 
 N. Y., 9, 62), and one of the conclusions, among the many others announced in that case, is, that whenever a corporation can lawfully contract a debt for borrowed money, or otherwise, in the course of its business, it can give a time engagement to pay the debt, and such engagement may be in any form which does not come within the prohibition of some particular statute.
 

 This principle is entirely decisive of this case. It has not been claimed, nor will it be pretended, that the form of the security adopted in the case before us, is obnoxious to any such objection, either as being inhibited by the act authorizing the formation of plankroad companies—by virtue of which this Moravia Plankroad Company was organized—or that it comes within the prohibition of any other- general statute. Within the above cited case, the money was borrowed of this plaintiff, for the lawful purposes of the plankroad company, and,to enable them to-perfect and accomplish the very work for which they came into existence; and the evidence shows that it was faithfully applied to that purpose. Ho rule of law, or morals,' would have enabled the company to repudiate that debt, and defeat the collection of the bond, if they had remained solvent; and being a just debt, lawfully created, the liability of the defendant, in this suit, as a stockholder, necessarily attaches to him.
 

 It is suggested, by the counsel of the plaintiff, that the suit can be maintained, and the plaintiff would be entitled to recover, entirely irrespective of the bond—and even conceding the want of power, in the company, to' execute any such evidence
 
 *300
 
 of debt—upon the mere proof of the loan of the money, and its application to the legitimate purposes of the company. This may, perhaps, be conceded, although the complaint is framed upon a different theory, proceeding upon and affirming the validity of the entire transaction of the making of the loan, and the execution and delivery of the bond, as the evidence not only, but the ground work of the indebtedness. But it is not necessary to invoke the aid of any such principle, as, within the doctrine and the authority already cited and referred to, the suit in its present form is sustainable, and the report of the' referee is right, both upon the facts and the law. The judgment must be affirmed.
 

 Comstock, Ch. J., and Welles, J., concurred in this opinion; Sellen, J., concurred in the result, on the ground that the defendant was liable upon an implied assumpsit, but dissented in respect to its power to issue the bond; Denio, Davies, Clerke and Wright, J., concurred only in the result without passing upon the validity of the bond. The court, however, concurred in affirming the general power of the directors at the adjourned meeting to exercise the corporate powers.
 

 Judgment affirmed.