MINNEAPOLIS TIMES CO. *vs.* CHARLES A. NIMOCKS.

Argued May 19, 1893.   Decided June 1, 1893.

**Secondary Evidence Properly Received.**

*Held,* that secondary evidence of the contents of a written notice served on defendant was properly admitted.

**Notice of Meeting Waived if All Attend.**

The fact that notice of a special meeting of a board of directors was not given as provided by the by-laws of a corporation is immaterial if all the members of the board were in fact present and participated in the proceedings.

**Correcting Inaccuracy in the Charge to a Jury.**

Certain inaccuracies in the charge *held* to have been corrected by subsequent instructions to the jury.

Appeal by defendant, Charles A. Nimocks, from an order of the District Court of Hennepin County, *Henry G. Hicks,* J., made November 19, 1892, denying his motion for a new trial.

The plaintiff, the Minneapolis Times Company, is a corporation organized December 12, 1890, under 1878 G. S. ch. 34, title 2, for the purpose of publishing a newspaper and carrying on a printing and publishing business at Minneapolis, with a capital stock of $200,000 in shares of $100 each, to be paid in at such times and in such installments as the board of directors might determine. On November 27, 1891, defendant owned and held two hundred shares on each of which installments had been called and paid to the amount of $45.50. At a meeting of the board of directors held on that day, which all attended, a further call was made of six per cent. of each share, payable one-half on November 28, and the other half on December 15, 1891. Notice of this call was given the next day by mail to all the stockholders. Defendant failed to pay, and this action was brought May 21, 1892, to recover the amount and interest.

Defendant answered that his stock was fully paid-up stock and not liable to assessments; that the meeting of the board of directors on November 27, 1891, was illegally called and held; that notice of the call was not given him. The issues were tried October 10, 1892, and a verdict rendered for plaintiff for $1,257.05.

*Geo. F. Edwards,* for appellant.

The meeting at which the assessment was made was a special meeting; the by-laws provide a method in which special meetings of plaintiff's board of directors should be called. There is no testimony whatever to show that the gentlemen mentioned in the record of the meeting were directors, and there was no showing of the manner in which the meeting was called.

The court erred in allowing proof of the contents of the notice of the assessment, claimed to have been sent to defendant. The secretary testified that there might be in plaintiff's office, a copy of the notice sent to the defendant, that he had made no search for any such copy. The witness was then permitted to testify from his recollection, as to the contents of the notice, without any showing that the original had been lost or destroyed, or of plaintiff's inability to produce a copy of the notice or the original notice. *Nichols* v. *Howe,* 43 Minn. 181; *Nelson* v. *Central Land Co.,* 35 Minn. 408; *Groff* v. *Ramsey,* 19 Minn. 44, (Gil. 24;) *Rutland & B. R. Co.* v. *Thrall,* 35 Vt. 536.

Defendant was entitled to actual notice of the assessment; mailing of a notice is not sufficient, and mere information or knowledge that an assessment had been made, is not a sufficient notice under the statute. 1878 G. S. ch. 34, § 130. The by-laws of plaintiff are silent on that subject. The meeting at which the assessment was made did not prescribe or direct any manner of notice. *Burhans* v. *Corey,* 17 Mich. 282; *Castner* v. *Farmers Mut. Ins. Co.,* 50 Mich. 273; *New Jersey Midland Ry. Co.* v. *Strait,* 35 N. J. Law, 323; *Hughes* v. *Antietam Mfg. Co.,* 34 Md. 316; *Rutland & B. R. Co.* v. *Thrall,* 35 Vt. 536; *Wachtel* v. *Noah Widows & O. B. Soc.,* 84 N. Y. 28; *Lewey's Island R. Co.* v. *Bolton,* 48 Me. 451; *Essex Bridge Co.* v. *Tuttle,* 2 Vt. 393; *McCorkle* v. *Texas Ben. Ass'n,* 71 Tex. 149.

*Cobb & Wheelwright,* for respondent.

The plaintiff introduced in evidence its by-laws in force at the time the call was made. It then introduced the records of the meeting at which the assessment and call were made. The secretary of the plaintiff identified the records of this meeting and testified that everything therein mentioned actually transpired and oc-

curred at the meeting. All the directors of the company were present. The law presumes that the notice of meeting required by the by-laws had been regularly given, and that all necessary formalities had been complied with. Cook, Stock & S. (2d Ed.) § 600; 1 Mor. Priv. Corp. § 532; 1 Beach, Priv. Corp. §§ 273, 296; *Wells* v. *Rodgers*, 60 Mich. 525; *Heintzelman* v. *Druids' Relief Ass'n*, 38 Minn. 138.

Where all the directors are present at a meeting, no notice thereof need have been given. Cook, Stock & S. § 599; 1 Mor. Priv. Corp. §§ 490, 531; *Kenton Furnace Co.* v. *McAlpine*, 5 Fed. Rep. 744, 745.

Error is claimed by appellant because the secretary was allowed to testify as to the contents of the notice of the call mailed to the defendant. It was shown that written notice to produce the notice had been given to the defendant and that he had failed to comply therewith. Consequently, secondary evidence of the contents of the notice was admissible. The witness stated that a general form of the notice to be sent to all the stockholders, had been prepared by plaintiff's counsel, and that he might have a copy of that general form, not of the notice sent. In *Hughes* v. *Antietam Mfg. Co.*, 34 Md. 316, it was held that constructive notice by mail is not a personal notice, but if that notice is actually received, it becomes effective as a personal notice. The presumption is that letters duly directed and mailed reach their destination. *Melby* v. *D. M. Osborne & Co.*, 33 Minn. 492. If the subscriber denies that he received the notice mailed, the question whether he did so, is one of fact for the jury. *Bradick* v. *Philadelphia, M. & M. R. Co.*, 45 N. J. Law, 363. For a general discussion of this question of notice by mail, see Cook, Stock & S. § 119. The only requirement of the statute is that the defendant be notified. A verbal notice to the defendant satisfies that requirement. Cook, Stock & S. § 119.

MITCHELL, J. This was an action to recover a call or assessment on the stock of the plaintiff corporation.

From an examination of the record we are satisfied that the trial court correctly ruled that upon the evidence the only question for the jury was whether the defendant had notice of the assess-

ment, and upon that question the evidence abundantly justified the verdict. It must consequently be affirmed, unless the court committed some error of law during the trial.

1. The allowance of the amendments to the complaint on the trial was clearly a proper exercise of discretion on part of the court.

2. It is contended that the court erred in admitting the testimony of plaintiff's secretary as to the contents of the notice of the call which he sent to defendant, for the reason that the secretary had a copy of the notice, which would have been better evidence than his recollection of its contents.

We do not think the case presents the question which counsel seeks to raise, viz. whether the law recognizes any degrees in the various kinds of secondary evidence.

The secretary testified that the notices which he sent to stockholders were dictated by him to a typewriter from a general form which had been furnished by the attorneys of the company for use on such occasions, but that he could not say that he accurately followed the form; that this form had blanks for names, amounts, signatures, etc., which had to be filled up in the notices sent out. He testified that he thought he had a copy of this general form in his office, but that he did not know whether he had any copy of the notice which he sent to defendant. It did not appear that the notice sent out was ever compared with the general form used in dictating it. It is very evident that on this state of facts the copy of the general form, even if offered, would not have been admissible, because it was not a copy of the notice; and it was not made to appear that plaintiff had any such copy in its possession. Even under what is sometimes called the "American doctrine," —that a copy of a document is better evidence than the recollection of a witness as to its contents,—the rule is that, where the nature of the case does not of itself disclose the existence of such better evidence, the objector must not only prove its existence, but also prove that it was known to the other party in season to have been produced on the trial. 1 Greenl. Ev. § 84, note.

3. If it was the fact that the special meeting of the directors which made the assessment was not called upon notice as provided in the by-laws, it is wholly immaterial, for the reason that all the directors were personally present, and participated in mak-

ing the assessment. The only object of notice is that the directors have an opportunity of being present at the meeting and taking part in its proceedings.

4. Some exceptions were taken to the charge of the court on the subject of notice. The statute under which plaintiff was organized provides that the directors may call in the subscription to the capital stock by installments "by giving such notice thereof as the by-laws shall prescribe." Plaintiff's by-laws made no provision on the subject of notice, but the court correctly instructed the jury that the notice must be actual or personal, so that, if sent by mail, it would be effectual only when received.

In some portions of his charge the learned judge inaccurately used the expression "notice or knowledge," which might have been understood as meaning that it would be sufficient if the defendant by any means or from any source ascertained the fact that an assessment had been made on his stock. Of course, this would not be correct, for, while no particular form is necessary, yet the notice must come from the proper corporate authority, and give the stockholder to understand that a call has been made, and that he is requested to pay the amount. But when the court's attention was called to this inaccuracy of expression he immediately corrected it by instructing the jury that the defendant "must either have had notice or he must have promised to pay with full knowledge of the assessment, one or the other." It seems to us that this must have prevented or removed any misconception on part of the jury. If, however, defendant still feared that they might misunderstand what was meant by "notice," he should have asked for more specific instructions.

Order affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 546.)

Application for reargument denied June 13, 1893.