Bischoff, J.
On April 4th, 1890, the Vertical Tube Boiler Company entered into an agreement in writing with one Clinton B. Jackson, under which, in substance, the company was to create or raise a treasury fund of fifteen thousand dollars in cash, which was to be used by it as a permanent working capital for the purposes of its business, and towards that end Jackson agreed to lend it three thousand, seven hundred and fifty dollars, to be paid at onceJackson was to be employed as manager of the company’s business for the period of six months, commencing April 7th, 1890, and to receive á monthly salary of three hundred dollars, besides which the company promised to pay him one-fourth of the net profits earned at the end of said period;, if at the end of the first six months of his employment, Jackson’s services as manager had proved satisfactory to the company, and the latter elected to continue his employment, then the company was to raise additional working capital and to employ Jackson as such manager for three years at an annual salary of five thousand dollars, the duration of the last mentioned employment, however, to be dependent upon the company’s continued financial success; if the company’s financial success should continue within the period of any other agreement with Jackson, the latter was also to receive twenty-five thousand dollars of the former’s capital stock, to be valued at par, as soon as the net profits of the business were equal to the company’s floating indebtedness, which at the time of the agreement, was estimated at thirty-five thousand dollars; no dividends were to be paid to stockholders until the floating indebtedness was paid; and the company reserved the right to charge to its profit and loss account all such debts due, or to grow due, to it as were not paid within three months after the time they were severally contracted.
Under this agreement, Jackson entered upon his employment as manager. Upon the expiration of the first six months, the company elected to continue the employment, and it was so continued for one and one half months, or until November 24th, 1890. For each of the first six months, Jackson. received his salary of three hundred dollars. For the last one and one-half months, he claimed to be entitled to a salary at the rate of five thousand dollars per annum, or four hundred and sixteen dollars and sixty-seven cents per month, but received only at the rate of three hundred dollars per month. At the end of said seven months, the company abandoned its business. The sum of three thousand, seven hundred and fifty dollars, which Jackson had agreed to advance to the company as a loan, was paid by him and accepted by the company in his two promissory notes, one for fifteen hundred dollars and interest, on which fifteen dollars interest had accrued at the time, and the other for two thousand two hundred and fifty dollars. The first mentioned note was paid at maturity, but the other was unpaid and past due at the time of the commencement of this action.
Jackson assigned whatever claims he had against the company to the plaintiE, and the latter brought this action to recover the süm advanced by Jackson on account of the loan agreed to be *487 made by him, together with any arrears due Jackson for salary. The action was originally commenced against the company, but upon the appointment of a receiver of its affairs, the latter was substituted as defendant. On the trial the facts in evidence were shown as above narrated, and the defenses were that Jackson, by omitting to pay the note for two thousand two hundred and fifty dollars, had not performed the agreement on his part; that he had been paid in full for all salary which had accrued to him, and that the company was entitled to recover of him, three hundred and twenty-five dollars and thirty-eight cents, received and had by Jackson to the company’s use. The trial justice held that plaintiff was entitled to recover the sum of fifteen hundred and fifteen dollars advanced by Jackson as part of his agreed loan, with interest to October 7th, 1890, which, together, amounted to fifteen hundred and sixty dollars and forty-five cents; that Jackson was entitled for the last one and one-half months of his employment to a salary of four hundred and sixteen dollars and sixty-seven cents per month, making a total of six hundred and twenty-four dollars and ninety-nine cents for that period upon which he had been paid four hundred and fifty dollars, leaving a balance due, amounting to one hundred and seventy-four dollars and ninety-nine cents; and that defendant was entitled to a credit-of three hundred and twenty-five dollars and thirty-eight cents for moneys received by Jackson to the use of the company. Accordingly, judgment was rendered for plaintiff against defendant for the sum of fourteen hundred and ten dollars and six cents, principal, which with interest aggregated fifteen hundred and five dollars and fifteen cents. Upon appeal to the general term of the court below, the judgment was affirmed, and from the the judgment of affirmance, defendant has appealed to this court.
It is urged for reversal of the judgment that Jackson’s agreement to advance the sum of thirty seven hundred and fifty dollars to the company, was tantamount to a contribution towards its capital, and that as the capital constituted a fund for the benefit of all the creditors of the company, neither Jackson, nor his assignee, could recover in this action any part of the sum so ad" vanced by the former. It is unnecessary'to discuss the question, however, since upon a careful reading of the agreement, we cannot sustain the construction for which appellant- contends. Hot Jackson, bnt the Vertical Tube Boiler Company, was to raise the required fifteen thousand dollars as working capital. The former agreed to aid it by a loan of three thousand, seven hundred and fifty dollars. This is the clear import of the language of the agreement. It was competent for the company to borrow money, Cook on Stock etc., sec. 685; Am. and Eng. Ency. of Law, Vol. 4, P. 222 : Barnes v. Ontario Bank, 19 N. Y. 152; Smith v. Law, 21 N. Y. 296; Nelson v. Eaton, 26 N. Y. 410; Kent v. Quicksilver M. Co., 78 N. Y. 159, 177; Coats v. Donnell, 94 N. Y. 168; Hope Mut. L. Ins. Co. v. Perkins, 38 N. Y. 404. To borrow money implies a promise to repay it. There is nothing in the agreement which 'may, remotely even, be construed to the effect that Jackson's loan, or the company’s floating indebtedness, con *488 ceding the loan to have been included as a part of it, was to be paid only out of the net profits. Jackson was not to receive the capital stock promised him, until the company’s net profits should be equal in amount to its floating indebtedness; but that is all. In any event, however, it is clear that the company's abandonment of its business prevented repayment out of its profits.
Next, appellant urges that neither Jackson, nor his assignee, was entitled to recover the sum actually advanced on account of the loan, because acceptance of a debtor’s note for a precedent debt operates only to extend the time of payment, but does not constitute payment of the debt. Jagger Iron Co. v. Walker, 76 N. Y. 521, 524; Feldman v. Beier, 78 N. Y. 293; and that as one of Jackson’s notes remained unpaid, he did not comply with the condition precedent to his right to recover against the company, of performance on his part. The proposition is irrelevant. It was competent to the parties by accord and satisfaction to change the manner of Jackson’s performance; and a substituted parol agreement, whether made before or after breach of the covenant in the' original agreement, is a good accord and satisfaction of the covenant. McCreery v. Day, 119 N. Y. 1; 28 St. Rep. 597. True, performance of the substituted promise is required to effectuate an accord and satisfaction; but the is so only provided it was not agreen that the promise should in itself take the place of the precedent obligation, Kromer v. Heim, 75 N. Y. 574. Such, however, was the agreement in the case at bar. Jackson testified that the company promised to accept the notes in payment of the agreed loan, and did so accept them. Ample consideration for the company’s promise and acceptance is furnished by the facts that relying upon them Jackson forebore making the loan in money, and that the repudiation of the acceptance of the notes in satisfaction of the agreed loan will subject him to a forfeiture of the fruits of his further performance of the original agreement and the recovery of the moneys actually paid on account of the agreed loan. If evidence of the substituted agreement is received without valid objection, it cures the omission to plead the agreement, Fallon v. Lawler, 102 N. Y. 228; 1 St. Rep., 397, and defendant’s objection to the evidence was invalid because nogroqnd therefor was stated, Crawford v. Met. Flev. Ry. Co., 120 N. Y., 624; 30 St. Rep., 866; Cruikshank v. Gordon, 118 N. Y., 178; 28 St. Rep., 784; Stouter v. Manhattan Ry. Co., 3 Silvernail Court of App. R., 472; 38 St. Rep., 162.
Any defect in the complaint which could have been obviated by amendment was waived by proceeding to trial without objection ; and plaintiff was thereafter entitled to recover upon the cause of action as established by the evidence, Knapp v. Simon, 96 N. Y., 284.
It was harmless error for the trial justice to refuse to find at defendant’s request that Jackson overdrew his account by three hundred and twenty-five dollars and thirty-eight cents. The justice found defendant entitled to a credit for that amount and the same was allowed him out of the sum to which plaintiff was adjudged entitled.
*489 So also it was harmless error’, if we concede appellant’s contention that the company’s liability to Jackson arising out of its acceptance and retention of the latter’s unpaid note for twenty-two hundred and fifty dollars was among the issues litigated or to be litigated in this action for the justice to conclude, as matter of law, that defendant was not liable to plaintiff by reason of the facts stated. The error was beneficial rather then prejudicial to defendant. Besides, if the liability was not among the issues litigated, or proper to be litigated, then the judgment is neither presumptive nor conclusive evidence for or against defendant in that respect,Lorillard v. Clyde, 122 N. Y., 41; 33 St. Rep., 303.
No error is presented by the record which requires reversal of the judgment.
Judgment affirmed with costs.