## TROY MINING CO. v. WHITE.

1. A meeting of the directors of a mining corporation, having no by-law for calling meetings, held at the office of its president, called by him on verbal notice, at which all the members were present except one, who could not have voted, because directly interested in the only business transacted, is legal, under Comp. Laws, § 2932, Subd. 4, providing that, "when no provision is made in the by-laws for regular meetings of the directors and the mode of calling special meetings, all meetings must be called by special notice in writing, to be given to each director by the secretary, on the order of the president," and the acts of the directors at such meeting are binding.

2. The answer in an action by a corporation against a decedent's estate, after setting out an agreement of settlement, alleged "that said claim and demand of plaintiff * * * was thereupon, on the said date, settled, compromised, satisfied, and discharged by said company and said decedent, by the said company accepting the claim and demand of the said decedent for the use of the said assay outfit and survey instrument, together with the said outfit and the said instrument, in full settlement, satisfaction compromise, accord, and discharge for the said claim of the plaintiff against the said decedent, and the said plaintiff thereupon became the owner of said" outfit, etc. *Held* a sufficient allegation that an agreement for an accord was executed by an acceptance of the consideration of the accord.

3. It is competent for the board of directors of a corporation to enter into a contract of accord and satisfaction with a member of the board who is also treasurer of the corporation.

(Opinion filed Feb. 16, 1898.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action against administratrix for moneys had and received by her intestate as treasurer of plaintiff corporation. Plaintiff had judgment and defendant appeals. Reversed.

The facts are stated in the opinion.

*Martin & Mason*, for appellant.

The minutes of the directors' meeting were admissible upon their own face. 17 Am. & Eng. Encyc. Law, 85; 1 Morawetz, Corp. § 532; 3 Thomp. Corp. §§ 3927, 3934; Granger v. Mining Co., 59 Calif. 679. The holding of the directors' meeting at the office of the company's president, in Deadwood, instead of in Central City, did not invalidate the proceedings. 1 Morawetz, Corp. § 533; 3 Thomp. Corp. §3933; 17 Am. & Eng. Encyc. Law, 86; Mining Co. v. King, 45 Ga. 40; Wright v. Bundy, 11 Ind. 398; Bellows v. Todd, 39 Ia. 209; Railroad v. McPherson, 35 Mo. 13; Wright v. Lee, 2 S. D. 596, 51 N. W. 706; Arms v. Conant, 36 Vt. 744; Bassett v. Mining Co., 15 Nev. 293; Railroad v. Cowdry, 11 Wall 459; McCall v. Byram Mfg. Co. 6 Conn. 428; Reichwald v. Hotel Co., 106 Ill., 439; Smith v. Alvord, 63 Barb. 415. The manner of giving notice did not invalidate the proceedings. 17 Am. & Eng. Encyc. Law, 85; Granger v. Mining Co., *supra*; Cassidy v. Manning, (N. Y.), 34 N. E. 388; Corbett v. Woodward, 5 Sawy. 409; Chase v. Tuttle, 55 Conn. 455; 12 Atl. 874; Samuel v. Holladay, 1 Woolw. 400, 21 Fed. Cas. 306; Keans v. Ferry Co., 40 N. Y. Sup. 366; Clark v. Coal Co., 53 N. W. 291; Davis Mill Co. v. Bennett, 39 Mo. App. 460; Buell v. Buckingham, 16 Ia. 284; Ang. & Ames, Corp. § 495; 1 Thomp. Corp. § 706; Green's-Brice's Ultra Vires, 2d Ed. 439; 1 Dill. Mun. Corp., 4th Ed., § 263; Minn. Times Co. v. Nimocks, (Minn.) 55 N. W. 546; Jones v. Turnpike Co., 7 Ind. 547; State v. Smith, 22 Minn. 218; Lord v. Anoka, 36 Minn. 176; 30 N. W. 550. People v. Peck, 11 Wend. 604;

*Edwin Van Cise*, for respondent.

It was not error to exclude the minutes of the directors' meeting, because (1): It was not lawfully called. Harding v. Vandewater, 40 Calif. 77; Smith v. Dorn, 96 Id. 73; Thompson v. Williams, 76 Id. 153; Doernbercher v. Col. City L. Co., 28 Pac. 899; Bank v. McCarty, 18 S. W. 759; Hill v. Mining Co., 24 Id. 223; Farwell v. Copper Works, 8 Fed. 66; Bank

v. Fur. &c. Co., 21 S. E. 948; Simon v. Ass'n, 14 S. W. 1101; Whitehead v. Rubber Co., 27 Atl. 897; Goedgen v. Manitowoc County, 10 Fed. Cas. 525. (2): It was not held at the place fixed in the articles of incorporation. § 2932 Comp. Laws; 1 Cook, Stock & Stockholders, § 604; Morawetz, Corp. § 363; 1 Thomp. Corp. § 696; 17 Am. & Eng. Encyc. Law, 86; Bank v. Fur. &c. Co., *supra*; Waterman v. Railroad, 29 N. E. 689.

CORSON, P. J.    This is an action on the part of the plaintiff to recover of the defendant, as administratrix, $1,309.39, alleged to have been received by her intestate as treasurer of the plaintiff corporation.    Judgment was rendered for the plaintiff, and from the judgment and order denying a new trial the defendant appeals.

Numerous errors are assigned, but, in the view we take of the case, we do not deem it necessary to consider any of these assignments, other than those relating to a certain meeting of the board of directors of the plaintiff corporation held on March 28, 1894, at which defendant claims that proceedings were had which constituted an accord and satisfaction of plaintiff's claim, and the consideration accepted as set up in defendant's answer. The defendant sought to prove the defense of accord and satisfaction by evidence tending to prove that a meeting of the board of directors was held at the office of the president, in Deadwood, which was called by the president, and a verbal notice given to the members of the board, and at which all the members were present except the defendant's intestate, who was directly interested in the business transacted, and at which meeting the president presided, and the regular secretary acted in his official capacity, and offering in evidence the record of the minutes of such meeting as kept by the secretary.    To this offer the plaintiff, by its counsel, made the following objection: "I object to the competency of this record, for the reason it appears upon its face to have been a special meeting, not called at the office of the corporation, or at its principal place of busi-

ness; that it does not appear upon its face to have been called in the manner provided by the statutes, to-wit: by notice in writing to the directors, either on the call of the president or of two of the directors, and it does appear from the testimony of the witness that all the directors were not present." This objection was sustained, and the defendant duly excepted. The defendant then offered in evidence without objection, the by-laws of the corporation which were in usual form. By Article 5 it is provided "that the regular annual meeting of the stock-holders for the election of directors will be held * * * at the company's office in Deadwood." In these by-laws no place is fixed for the meetings of the board of directors, and they contain no provision as to the manner in which meetings of such board shall be called. Counsel thereupon reoffered the minutes of such meeting, shown by the minutes to have been held at the office of the president on March 28, 1894. The minutes of the meeting so offered read as follows: "Deadwood, March 28, 1894. Special meeting of the company held at the office of Edwin Van Cise, 7 p. m. Present: Edwin Van Cise, in the chair; John Baggaley, Earnest May, Thomas H. White, and Nathan Halle. Mr. May moved that the company buy the assay outfit and survey instrument of Mr. White, and reimburse him for the past use of such, for the balance of $1,309.39 now to the credit of the company. This motion was seconded and carried. Nothing more being before the meeting, it was adjourned. [Signed] Nathan Halle, Secy." The offer, upon objection, was again denied, and the defendant excepted. A number of questions were then asked Mr. Halle, secretary of the company at the time the meeting was held, in regard to the acceptance by the corporation of the assay outfit and survey instruments referred to in the resolution. Objections to these questions by the plaintiff being sustained, they were excluded by the court, to which exception was duly taken. The defendant made the following offer: "I make an offer to show that on March 28, 1894, the surveying instruments or outfit of Mr.

White was turned over to the president and directors of this corporation, pursuant to an alleged settlement of this demand by the purchase thereof, and the assay outfit is still in the possession of this company; that the assay outfit was also placed at their disposal at that time, and they have had the opportunity to use it or take it at all times since; and that none of these articles have been returned to the defendant, or to Thomas H. White, deceased." To this offer counsel for plaintiff objected. The objection was sustained, and the defendant duly excepted. For the purposes of this decision, we must assume that the facts offered to be proved could have been proven, had the defendant been permitted to do so. It is contended by the plaintiff that the defendant's anwer is insufficient to admit the proof last offered, but we cannot agree with counsel in this contention. The answer seems to be full and specific upon the subject of the acceptance of the property specified in the minutes offered. The defendant, after setting out in full the agreement alleges that "the said claim and demand of the plaintiff against the said Thomas H. White for the sum of $1,309.39 was thereupon, upon the said date, settled, compromised, satisfied, and discharged by the said company and the said Thomas H. White, by the said company accepting the claim and demand of the said Thomas H. White for the use. of the said assay outfit and survey instrument, together with the said outfit and the said instrument, in full settlement, satisfaction, compromise, accord, and discharge for the said claim of the plaintiff against the said Thomas H. White, and the said plaintiff thereupon became the owner of the said assay outfit and the said survey instrument, and has ever since been the owner and in control thereof; that the said claim of $1,309.39, so settled, compromised, and discharged upon March 28, 1894, is the identical claim upon which this suit is brought." It would be difficult to aver in stronger language that the agreement for an accord was executed by an acceptance "of the consideration of the accord," Comp. Laws, §§ 3483, 3485.

It is further insisted by the plaintiff that the meeting of the board of directors was not held at the place provided by the articles for meetings of the board. What the learned counsel means by "articles," we are unable to determine. If he means by-laws, we have seen that they have not fixed or designated any place for the meeting of the board, except that they appear to be dated, and were probably signed, at Central City, some two miles or more from Deadwood. If he refers to the articles of incorporation, it is sufficient to say that we do not find them in the abstract, nor any statement that they were received in evidence. The proof shows that two meetings of the board were held in Central City, and two, including the one we are considering, were held in Deadwood. The corporation, so far as the evidence discloses, had no regular place of business, either in Central City or in Deadwood. The corporation does not seem to have been engaged in active mining, and most of its stock seems to have been held by another corporation. In such a case, as the board must have some place of meeting, the office of the president or secretary will be presumed to be a proper place.

The only objection to the admission of the record of the meeting that seems to merit consideration is that the meeting of the board was not called, upon the order of the president, by the secretary, by a notice in writing, as provided by subdivision 4, § 2932, Comp. Laws, which reads as follows: "When no provision is made in the by-laws for regular meetings of the directors and the mode of calling special meetings, all meetings must be called by special notice in writing, to be given to each director by the secretary, on the order of the president, or if there be none, on the order of two directors." The only notice given the members of the board, of the contemplated meeting, was a verbal one; and whether or not given to Mr. White, who was a director and treasurer of the corporation, does not appear, but he had knowledge of the meeting. As matter of fact, he was not present at the meeting, and the min-

utes, showing his presence, are conceded to be incorrect in that respect.    Is this provision mandatory and exclusive, or will the acts of a meeting of the board, at which all who would have the right to vote at such meeting are present, be a legal meeting, whose acts would be binding upon the corporation?    The learned counsel for the defendant contend that whether the provisions of subdivlsion 4, § 2932, are mandatory or directory, they are not prohibitory, and that as the directors of the corporation were notified, and were all present, except Mr. White, who was too ill to attend, and who, if present, could not have acted, as he was an interested party, the action of the board was legal, and binding upon the corporation.    The learned counsel for the plaintiff contends that the provisions of that subdivision are mandatory, and that the acts of the board, when not called in the manner therein provided, cannot bind the corporation.    The question is therefore sharply presented, and is an important one, not only in this case, but as involving the construction of this provision of the statute.    Mr. Sutherland says:    "When a statute is affirmative, it does not necessarily imply that the mode or time mentioned in it are exclusive, and that the act provided for, if done at a different time and in a different manner, will not have effect."    Suth. St. Const. § 447.    And Judge Cooley says: "Those directions, which are not of the essence of the thing to be done, but which are given with a view merely to the orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute."    Cooley, Const. Lim. p. 93.    It would seem that, under the doctrine above enunciated, when all the members of the board have assembled, and act upon any business of the corporation, without objection, the omission to serve a written notice upon said members prior to such meet-

ing, as provided by the statute, would not be very material, and might be presumed to have been waived. 1 Dill. Mun. Corp. (4th Ed.) § 264; 1 Thomp. Corp. § 712; Angell & A. Corp. § 495; Times Co. v. Nimocks; 53 Minn. 381, 55 N. W. 546. In the latter case the supreme court of Minnesota says: "If it was the fact that the special meeting of the directors which made the assessment was not called upon notice as provided in the by-laws, it is wholly immaterial, for the reason that all the directors were personally present, and participated in making the assessment. The only object of notice is that the directors have an opportunity of being present at the meeting, and taking part in its proceedings." Lord v. City of Anoka, 36 Minn. 176, 30 N. W. 550; Jones v. Turnpike Co., 7 Ind. 547; State v. Smith, 22 Minn. 218. The evident object and purpose of the written notice provided by the statute is that all the members of the board may have an opportunity to be present, if they so desire, and, in case all are not present, to enable a majority to legally transact the business of the corporation. The provision is a wise and proper one, and was manifestly adopted to prevent secret and fraudulent proceedings on the part of the majority of the board, and yet permit a majority of the board, when the notice is properly given, to legally transact the business of the corporation. But when all the members of the board are present, and act without objection, the reason for the requirement ceases. The object contemplated being accomplished by the actual presence of all of the members, the reason for the notice prescribed by the statute ceasing, the rule itself should cease. Comp. Laws, § 4697. While the requirement of the statute is mandatory, in that no business of the corporation can be lawfully transacted in the absence of any member of the board who has not had legal notice of the meeting as provided by the statute, it is not prohibitory; and when all the members are assembled and act together, without objection, the notice would serve no useful purpose. There are no negative words inhibiting the board from acting

when all are so assembled, and we think the acts of such a board are legal, and binding upon the corporation.

There still remains the question, did the absence of Mr. White, who was clearly shown to be disqualified from acting as a member of the board in this particular transaction, render the proceedings invalid? Perhaps Mr. White, though an interested party, might have properly been present; but it is clear that he could not have properly voted upon any question or resolution involving a settlement with himself as treasurer of the corporation. Being an interested party, and therefore not qualified to take part in the proceedings directly affecting himself, it would seem to be entirely unnecessary that he should be required to be present, in order that the rule above laid down should be strictly complied with. The law does not require an idle act to be done. Comp. Laws; § 4719. It would certainly be an idle act for a director who was directly interested in the business transacted by the board of directors, adverse to the corporation, to be present, in order that the board might be constituted of all the members of the board, within the meaning of the rule laid down. As was said as to the rule requiring written notice, when the reason for the rule ceases, the rule itself should cease. We think the rule is satisfied when all the directors are present—being a majority of all—qualified to vote and take part in the business transacted by the board. Statutory notice to Mr. White, therefore, under the facts disclosed by the record in this case, was unnecessary.

It is further contended by counsel for plaintiff that the board could not, as such, make this settlement with one of the members of the board. But this contention is clearly untenable. It was perfectly competent for the board to appoint one of their members treasurer of the corporation, and it necessarily follows that it would be competent for the board to settle the accounts of such treasurer in such manner as it might deem for the best interests of the corporation. In such settlement,

the member acting as treasurer acts for himself, only, and the board acts for the corporation. Mr. Morawetz, in his work on Corporations, in speaking of such contracts, says: "But the weight of authority and reason appears to indicate that such contracts would be valid. * * * There is no necessary impropriety in a contract between a director and the corporation, if the latter is represented by other agents." 1 Mor. Priv. Corp. § 527; Oil Co. v. Marbury, 91 U. S. 587; 17 Am. & Eng. Enc. Law, p. 95. Contracts between a corporation and its officers are of frequent occurrence, and are upheld by the courts, subject to the right of the corporation to have them set aside by a court of equity if obtained by fraud, or by taking unfair advantage of the corporation.

Without pursuing this discussion further, our conclusions are that the court erred in excluding the record of the meeting of the board of directors on March 28th, and the evidence contained in the offer of the defendant, tending to prove that the plaintiff company received and retained the assay outfit and survey instrument, and that for these errors the judgment and order denying a new trial should be reversed. It is so ordered, and a new trial is granted.

Petition for rehearing pending.