## BANK OF NATIONAL CITY v. JOHNSTON.[*]

### L. A. No. 601; March 24, 1900.

#### 60 Pac. 776.

Corporation—Meetings of Directors—Notice.—Where, in the absence of by-laws fixing the times for meetings of directors of a corporation, all of the directors, being duly assembled, agree to adjourn to a date and hour named, a meeting held by a majority of the directors at the time thus fixed is a legal meeting of the board, though no personal notice of the meeting is given to each director; and the acts of such meeting will be valid, under Civil Code, section 308, providing that every decision of a majority of the directors, made when duly assembled, is valid as a corporate act.

Corporation—Adjourned Meeting of Directors—Assessments.— In the absence of any limitation imposed by statute or the articles of incorporation or by-laws of a corporation, requiring the object of .a special meeting to be stated in the notice therefor, a board of directors, duly assembled at an adjourned meeting, may resolve to proceed by action for the collection of an assessment upon stock, as provided in Civil Code, section 349, where the resolution levying the assessment fixed a day when unpaid assessments would become delinquent, and the time for payment has expired.

Appeal.—Where Defendant Answers Over After Demurrer to the Complaint is overruled, and no appeal is taken, he cannot; on the appeal of plaintiff from a judgment in defendant's favor, insist upon affirmance upon the ground that his demurrer should have been sustained.

APPEAL from Superior Court, San Diego County.

Action by the Bank of National City against one Johnson to recover the amount of an assessment on shares of stock in a corporation. From a judgment for defendant, plaintiff appeals. Reversed.

Haynes & Ward for appellant; G. H. P. Shaw for respondent,

HARRISON, J.—The plaintiff seeks by this action to recover the amount of an assessment upon certain shares of its capital stock held by the defendant. The resolution levying the assessment was adopted September 8, 1896, and it fixed October 30th as the day on which unpaid assessments should

---

[*]For subsequent opinion in bank, see 133 Cal. 185, 65 Pac. 383.

be delinquent, and November 25th as the day for the sale of delinquent stock. The only issue presented by the answer is upon the allegation in the complaint that the plaintiff elected, by virtue of section 349 of the Civil Code, to proceed to recover the assessment by action. Judgment was rendered in favor of the defendant, from which, and from an order denying a new trial, the plaintiff has appealed.

It was shown at the trial that at a meeting of the stockholders in 1888 certain by-laws were unanimously adopted, and that the minutes of this meeting containing said by-laws were copied into a book labeled on its back, ''Record—The Bank of National City,'' and kept in the office of the corporation, but that the by-laws were not otherwise certified to by any officer, or copied into any other book; that said book has since that date been used for the record of the permanent minutes of the meetings of the stockholders and of the board of directors of the corporation; and that the record of said by-laws in said minutes has always been regarded by the stockholders and officers of the bank as the only book of by-laws thereof. One of these by-laws provides, ''A stated meeting of the board of directors shall be held on the second Tuesday of each month at the bank, at such hour as may be designated by the president.'' In May, 1888, the board of directors adopted a resolution that its regular monthly meeting should be held on the second Tuesday of each month, at 10 o'clock A. M.; and since that time all the meetings of the board have been, by usage and custom, convened at that hour, unless a different hour for any particular meeting was specially appointed. The minutes of the board of directors of October 13th, which was the second Tuesday of that month, recited that a regular meeting was held that day, at which five directors were present, and that after transacting certain business the meeting adjourned for one week. The minutes also show that on October 20th an adjourned meeting of the board of directors was held, at which all of the directors were present, and at the close of its business it adjourned for one week; that on October 27th an adjourned meeting of the board was held, at which all of the directors were present; and that at its close it ''adjourned to next Saturday, October 31st, at 9 o'clock A. M.'' The minutes of October 31st recite: ''At an adjourned meeting of the board of directors of the Bank of National City held this day there were present''

(naming five directors). At this meeting there was adopted, by the unanimous vote of all the directors present, a resolution electing to proceed by action to recover the delinquent assessments, one of which was upon the stock of the defendant. No order was signed or given by the president or secretary calling either of these meetings, nor was there any special notice thereof in writing, or any written notice given to any of the directors, other than such as appears upon the face of the minutes.

It is contended by the respondent that under the provisions of section 304 of the Civil Code, and because of the failure of the plaintiff to have the by-laws adopted by the stockholders certified and copied as required by that section, none of said by-laws ever took effect or had any validity; that as there is no by-law which makes provision for regular meetings of the directors, or the mode of calling special meetings, under section 320, all meetings must have been called by special notice in writing given to each director by the secretary on the order of the president; that, as such notice was not given, the board of directors at which the resolution to collect the assessment by action was adopted was not "duly assembled," and the resolution itself has no validity. It may be conceded that by reason of the provision in section 304 of the Civil Code, the by-laws adopted in 1888 did not take effect, but it does not follow that the directors of the corporation were thereby precluded from themselves determining the days upon which they would hold regular meetings. By section 305, the corporate powers of all corporations are to be exercised by the board of directors, who, under section 308, are to organize immediately after their election, and are required to perform the duties enjoined on them by law. The same section declares, "A majority of the directors is a sufficient number to form a board for the transaction of business, and every decision of a majority of the directors forming such board, made when duly assembled, is valid as a corporate act." The provision of section 320, for calling meetings "when no provision is made in the by-laws for regular meetings of the directors, and the mode of calling special meetings," implies that the stockholders may omit to adopt by-laws upon these subjects, and that the directors may themselves fix the time at which their regular meetings shall be held. In the absence of any statute on the subject, it would

be requisite to give to each director a notice of the time at which any special meeting should be held. The statute declares who shall have the authority to give such notice, but this provision does not prevent the entire body of directors from holding a meeting in accordance with their previous agreement. If all are present under such agreement, the board will be "duly assembled," and their exercise of the corporate powers will be valid. Mr. Thompson, in his treatise on Corporations, says (volume 7, section 8486) : "The general rule that all the directors of a corporation are entitled to notice of any meeting at which any corporate business is to be transacted 'yields to the principle that the failure to give notice is waived or rendered of no importance—in whatever way it is regarded—where, notwithstanding the want of notice, all the directors meet and consult and participate in the business of the meeting,' and to the further principle 'that where a meeting is regularly assembled, but adjourns to a future time and place, special notice of the adjourned meeting is not necessary, since the fact and record of the adjournment give such notice.' " Whether the meeting of October 13th is to be regarded as a stated meeting or not, or whether the meetings of October 20th and October 27th are to be regarded as adjournments of that meeting, or as special meetings, is immaterial in the present case. At each of the two last meetings all of the directors were present, and the meetings fall within the principles stated above by Mr. Thompson. The adjournment by all of the directors from October 27th to October 31st was an agreement between them to meet on that day, and dispensed with the requirement for any further notice. In Whitehead v. Rubber Co., 52 N. J. Eq. 84, 27 Atl. 897, the vice-chancellor said upon the same question: "If all the directors had been present at any meeting, and had agreed to an adjournment for the purpose of considering the question now before us, the result of their deliberations would have been sustained." In Minneapolis Times Co. v. Nimocks, 53 Minn. 381, 55 N. W. 546, the court said in reference to this proposition: "If it was the fact that the special meeting of the directors which made the assessment was not called upon notice, as provided in the by-laws, it is wholly immaterial, for the reason that all the directors were personally present and participated in making the assessment. The only object of notice is that the directors have

an opportunity of being present at the meeting, and taking part in its proceedings."

The board of directors was therefore "duly assembled" at its meeting on October 31st, and as a majority of the board were then present, and adopted the resolution to proceed by action for the collection of the delinquent assessments, such resolution was, under section 308 of the Civil Code, "valid as a corporate act." The board was not limited at that meeting to the consideration of matters which had been left unfinished at the former meeting, or to matters which by reason of extrinsic conditions could not then have been considered. There is no requirement in any by-law of the corporation, or in the statute, which imposes any limitation upon the business to be transacted at a special meeting, or which requires the object of a special meeting to be stated in the notice therefor, and in the absence of such requirement the notice need not state the object: Granger v. Mining Co., 59 Cal. 678; In re Argus Co., 138 N. Y. 578, 34 N. E. 388. Whatever corporate action upon any subject could be taken on that day was within the consideration and decision of the board, and its action thereon was effective as a corporate act. By the original resolution in levying the assessment, October 30th had been fixed as the day on which the unpaid assessment would be delinquent, and under section 349 of the Civil Code, the board was authorized "at any time subsequent thereto" to elect to proceed by action. It is not disputed that a meeting could have been called by express notice for that day for the purpose of adopting such resolution, but, as the meeting which was held on that day was as fully authorized as if it had been called by such notice, its acts and resolutions are entitled to the same consideration. The board of directors which holds a special meeting, called for the purpose of transacting certain specified business, may not be authorized to transact any other business at an adjourned meeting thereof; but, if there is no limitation upon the business which the board is authorized to transact at the special meeting, it may transact any business at an adjournment of that meeting, whether it was partly considered at the original meeting, or whether the opportunity or occasion for its consideration has arisen since the adjournment. "If it was a legal meeting, they had the right to pass any resolution and take any action which did not violate the law of their organization, or

exceed the powers with which, as a corporate body, they were invested'': Smith v. Law, 21 N. Y. 296.   See, also, Western Imp. Co. v. Des Moines Nat. Bank, 103 Iowa, 455, 72 N. W. 657.

The defendant filed a demurrer to the complaint, which was overruled, and he thereupon answered the complaint; and, upon the trial of the issues thus raised, judgment was rendered in his favor.   It is now urged by him that the judgment should be affirmed upon the ground that his demurrer should have been sustained.   As he did not, however, appeal from the action of the court in overruling his demurrer, that action is not here for review.   The cause was tried upon the theory that the plaintiff's right of recovery depended upon the validity of its resolution to proceed by action, and, aside from this resolution, the sufficiency of the complaint was not made the basis of the judgment, nor did it enter into the issues before the court.   If the court had sustained his demurrer, the plaintiff might, under its order, have amended its complaint so as to obviate the objection thereto, whereas, if we should now affirm the judgment upon the ground that the demurrer should have been sustained, the plaintiff would be remediless.   The judgment and order are reversed.

We concur: Garoutte, J.; Van Dyke, J.