THE GRANNISS AND HURD LUMBER COMPANY, Respondent, *v.* RICHARD DEEVES, Appellant.

*Failure of a contractor to complete the work within the time specified — set-off against a claim for the balance due on the contract — delay caused by the owner — extra work, not necessarily caused by faulty construction — omissions in work done — architect's certificate.*

A person may permit a contractor to go on and complete his work after the time specified by the contracts within which it was to be completed, without prejudice to his right to avail himself of the damage sustained by him by reason of such delay, by way of a counterclaim, in an action brought by the contractor to recover any balance claimed to be due under the contract; but such claim for damages does not constitute a bar to the contractor's action.

Where it was provided by the contract relating to the erection of certain houses, that certain of the work was to be completed by a specified time, and the work was not finished by such time on account of the failure of the owner to complete work which was required to be done on his part before the work of the contractor could be commenced, the owner has no ground for complaining of the delay.

Upon the trial of an action brought to recover an alleged balance due the plaintiff from the defendant for work done and materials furnished under contracts in connection with the building of certain houses by the defendant, and for the value of extra work and materials furnished in and for said houses by the plaintiff for the defendant, there was evidence given upon the trial showing that extra work was done upon the houses, but it did not appear that it was caused by original defects in the construction thereof.

*Held,* that it might be presumed to have been caused by circumstances arising subsequent to the finishing of the houses by the plaintiff.

By an arrangement between the parties the defendant caused to be completed certain work omitted from the work to be done by the plaintiff, and he was allowed the expense thereof, and he never, until after such transaction, asserted that he was not liable to pay any balance due upon the contracts because of the failure of the plaintiff to complete the work therein specified.

*Held,* that a claim to that effect subsequently made by the plaintiff was not well founded.

It was provided by the contract that the balance due upon the houses was to be paid upon their completion "on certificate of architect."

The architect certified that the plaintiff was entitled to a settlement, but added that such certificate was not intended to prejudice any claim the defendant might have for time lost or work which the defendant had to do to carry out the terms of the contract.

*Held,* that a claim, that proper architect's certificates were not furnished, could not prevail.

APPEAL by the defendant, Richard Deeves, from a judgment of the Supreme Court in favor of the plaintiff, confirming the report of a referee, entered in the office of the clerk of the city and county of New York on the 15th day of August, 1892.

Written on the side of the contract made between the plaintiff and the defendant, more particularly set forth in the following opinion, was the following:

" I hereby accept this contract with the terms herein contained. Payments to be made as follows: When sash in, trimmed and stairs up, $1,500 per house. Balance at completion on certificate of architect.

"(Signed)      RICHARD DEEVES."

*D. Thornton,* for the appellant.

*H. H. Cardozo,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover an alleged balance due to the plaintiff from the defendant for work done and materials furnished under certain contracts in connection with the building by the defendant of nine houses on West Eighty-second and Eighty-third streets in the city of New York, and for the value of certain extra work and materials furnished by the plaintiff to the defendant in and for said houses.

The answer admitted the making of the contracts, but denied the performance thereof, and admitted the doing and performance of extra work, but denied the value thereof, and alleged payment for all work and extra work done by the plaintiff, and for all materials and extra materials furnished.

It also set up a counterclaim for damages for the alleged failure to complete the work to be done under the contracts within the time therein stipulated, and also because the work done and materials furnished by the plaintiff were of inferior kind and quality.

The issues raised by the pleadings having been referred to a referee, said referee reported in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken.

The claim upon the part of the appellant is that the plaintiff did not substantially comply with the terms of the contracts and the plans and specifications as found by the referee, and that the contracts were not only not completed within a reasonable time, but were not completed at all, and that the certificates required by the contracts were not furnished, and that the plaintiff delayed the work unnecessarily and unreasonably, and failed to do the work it did in a good and workmanlike manner, by which the defendant was damaged.

In the consideration of these questions raised by the appellant we have been somewhat embarrassed by the fact that the referee has, in respect to some of the points raised in the case, taken an erroneous view of the law, and also seems in his opinion to have, in at least one respect, a different idea of the facts than that which is contained in his findings.

Upon an examination of the opinion of the referee, it will appear that he states that it does not appear at any time while the work was in progress, either before or after the dates fixed by the contracts for completion, any complaint was made by the defendant that the contracts had not been performed within the periods fixed in the contracts.

Upon examination of the findings it will be found that the referee finds : " That during the progress of the work under both contracts defendant continuously complained of the lack of material and men, and spoke to the foreman and superintendent of plaintiffs, and wrote to the plaintiffs thereof and repeatedly requested the plain-

tiffs verbally and in writing to supply more men, and send the material to the buildings being erected, and expressed dissatisfaction at the manner in which the plaintiffs were performing their work under the contracts."

The referee also seems to have been of opinion that as the defendant allowed the work to proceed and be completed, he waived the strict performance of the contracts in regard to the time of completion, citing the cases of *Smith* v. *Gugerty* (4 Barb. 614), and *Gallagher* v. *Nichols* (60 N. Y. 438). Neither of these cases support the view of the learned referee upon this point, but it will not be necessary to criticize them, as in the case of *Dunn* v. *Steubing* (120 N. Y. 232), the rule is expressly recognized to be otherwise. Undoubtedly the defendant had the right to terminate the contract if the plaintiff was not proceeding with that diligence which the terms of the contracts required. But this was not his only remedy. He had a right to let the plaintiff go on and complete his work, and then he had the right to say: "I will pay you for the work you have done, but I want the damages you have caused me in not doing my work as you agreed to do it."

In the case cited, upon the trial the learned court charged in the manner specified, and this charge was approved by the Court of Appeals. And all that was held was that although the defendant might have insisted on his strict legal rights, and upon failure to perform on the day fixed put an end to the contract, yet, not having done this, but having permitted the plaintiff to continue his work, he could not then insist on the delay as a *defense* to an action brought to recover the price of the work, there being a great difference between availing himself of the delay of the plaintiff as a defense and the recovery of damages arising from such delay by way of counterclaim.

But in the case at bar the referee found that the delay in the performance of the work was caused by the failure of the defendant to complete work which was required to be done on his part before the work of the plaintiff could be commenced, and there was ample evidence in the case to sustain this finding. And if this was the condition of affairs, as is probably the case, then the defendant would have no ground for complaining of the delay.

The claim upon the part of the plaintiff, that the contracts were

not substantially completed, does not seem to have been well founded. By the arrangement between the parties, the defendant caused to be completed certain omissions in the work done by the plaintiff, and he has been allowed the expen..e thereof. He never, until after all these transactions, asserted the claim that he was not liable to pay any balance due upon the contracts, because of the failure of the plaintiff to complete.

The substantial dispute between the parties was as to alleged damages sustained by the delay, and also for certain other work which had been done by the defendant upon these houses. This work, in respect to which evidence was given, was certainly done upon the houses in question; but it does not appear that it was caused by original defects in construction. It may well have been caused by circumstances arising subsequent to the finishing of the houses by the plaintiff.

The claim, which seems to have been asserted for the first time upon the bringing of this suit, that the proper architect's certificates were not furnished, cannot prevail.

The architect certified that the plaintiff was entitled to a settlement, but knowing that there was a controversy between the plaintiff and the defendant, added that such certificate was not intended to prejudice any claim the defendant might have for time lost, or work which the defendant had to do to carry out the terms of the contract. The architect, by this certificate, did not intend to judge between the parties in reference to the claims of each; but intended to give such a certificate as would entitle the plaintiff to enforce its legal rights without prejudicing the defendant if he was able to establish a condition of affairs different from what was supposed to exist.

Under these circumstances we see no reason for disturbing the judgment, and it should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.