(7 Misc. Rep. 108.)

### BICKNELL v. SPIER.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. ACCORD AND SATISFACTION—WHAT CONSTITUTES.
    A contract to lend money may, by subsequent agreement between the parties, be discharged by the proposed lender's giving his notes to the borrower.
2. PLEADING—WAIVER OF DEFECTS.
    Any defect in a complaint, which could have been obviated by amendment, is waived where defendant goes to trial without objection.

Appeal from city court, general term.

Action by Henry G. Bicknell against Gilbert M. Spier, Jr., as receiver of the Vertical Tube Boiler Company, substituted as defendant in place of said company, to recover moneys alleged to have been loaned to defendant company by plaintiff's assignor, and for services rendered to it by him as its manager. From a judgment of the city court (23 N. Y. Supp. 1165) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

J. C. O'Conor, for appellant.
E. F. Bullard, for respondent.

BISCHOFF, J. On April 4, 1890, the Vertical Tube Boiler Company entered into an agreement in writing with one Clinton E.

Jackson, under which, in substance, the company was to create or raise a treasury fund of $15,000 in cash, which was to be used by it as a permanent working capital for the purposes of its business, and towards that end Jackson agreed to lend it $3,750, to be paid at once. Jackson was to be employed as manager of the company's business for the period of six months, commencing April 7, 1890, and to receive a monthly salary of $300, besides which the company promised to pay him one-fourth of the net profits earned at the end of said period. If, at the end of the first six months of his employment, Jackson's services as manager had proved satisfactory to the company, and the latter elected to continue his employment, then the company was to raise additional working capital, and to employ Jackson as such manager for three years at an annual salary of $5,000; the duration of the last-mentioned employment, however, to be dependent upon the company's continued financial success. If the company's financial success should continue within the period of any other agreement with Jackson, the latter was also to receive $25,000 of the former's capital stock, to be valued at par, as soon as the net profits of the business were equal to the company's floating indebtedness, which, at the time of the agreement, was estimated at $35,000. No dividends were to be paid to stockholders until the floating indebtedness was paid, and the company reserved the right to charge to its profit and loss account all such debts due, or to grow due, to it, as were not paid within three months after the time they were severally contracted. Under this agreement Jackson entered upon his employment as manager. Upon the expiration of the first six months the company elected to continue the employment, and it was so continued for one and one-half months, or until November 24, 1890. For each of the first six months Jackson received his salary of $300. For the last one and one-half months he claimed to be entitled to a salary at the rate of $5,000 per annum, or $416.67 per month, but received only at the rate of $300 per month. At the end of said seven and one-half months the company abandoned its business. The sum of $3,750, which Jackson had agreed to advance to the company as a loan, was paid by him, and accepted by the company in his two promissory notes,—one for $1,500 and interest, on which $15 interest had accrued at the time, and the other for $2,250. The first-mentioned note was paid at maturity, but the other was unpaid and past due at the time of the commencement of this action. Jackson assigned whatever claims he had against the company to the plaintiff, and the latter brought this action to recover the sum advanced by Jackson on account of the loan agreed to be made by him, together with any arrears due Jackson for salary. The action was originally commenced against the company, but, upon the appointment of a receiver of its affairs, the latter was substituted as defendant. On the trial the facts in evidence were shown as above narrated, and the defenses were that Jackson, by omitting to pay the note for $2,250, had not performed the agreement on his part; that he had been paid in full for all salary which had accrued to him; and that the company was entitled to recover of

him $325.38, received and had by Jackson to the company's use. The trial justice held that plaintiff was entitled to recover the sum of $1,515 advanced by Jackson as part of his agreed loan, with interest to October 7, 1890, which together amounted to $1,560.45; that Jackson was entitled, for the last one and one-half months of his employment, to a salary of $416.67 per month, making a total of $624.99 for that period, upon which he had been paid $450, leaving a balance due amounting to $174.99; and that defendant was entitled to a credit of $325.38 for moneys received by Jackson to the use of the company. Accordingly, judgment was rendered for plaintiff against defendant for the sum of $1,410.06, principal, which, with interest, aggregated $1,505.15. Upon appeal to the general term of the court below, the judgment was affirmed, and, from the judgment of affirmance, defendant has appealed to this court.

It is urged for reversal of the judgment that Jackson's agreement to advance the sum of $3,750 to the company was tantamount to a contribution towards its capital, and that, as the capital constituted a fund for the benefit of all the creditors of the company, neither Jackson nor his assignee could recover, in this action, any part of the sum so advanced by the former. It is unnecessary to discuss the question, however, since upon a careful reading of the agreement we cannot sustain the construction for which appellant contends. Not Jackson, but the Vertical Tube Boiler Company, was to raise the required $15,000 as working capital. The former agreed to aid it by a loan of $3,750. This is the clear import of the language of the agreement. It was competent for the company to borrow money. Cook, Stock, Stockh. & Corp. Law, § 685; 4 Amer. & Eng. Enc. Law, p. 222; Barnes v. Bank, 19 N. Y. 152; Smith v. Law, 21 N. Y. 296; Nelson v. Eaton, 26 N. Y. 410; Kent v. Mining Co., 78 N. Y. 159, 177; Coats v. Donnell, 94 N. Y. 168; Insurance Co. v. Perkins, 38 N. Y. 404. To borrow money implies a promise to repay it. There is nothing in the agreement which may, remotely even, be construed to the effect that Jackson's loan, or the company's floating indebtedness, conceding the loan to have been included as a part of it, was to be paid only out of the net profits. Jackson was not to receive the capital stock promised him until the company's net profits should be equal in amount to its floating indebtedness; but that is all. In any event, however, it is clear that the company's abandonment of its business prevented repayment out of its profits.

Next, appellant urges that neither Jackson nor his assignee was entitled to recover the sum actually advanced on account of the loan, because acceptance of a debtor's note for a precedent debt operates only to extend the time of payment, but does not constitute payment of the debt, (Iron Co. v. Walker, 76 N. Y. 521, 524; Feldman v. Beier, 78 N. Y. 293,) and that, as one of Jackson's notes remained unpaid, he did not comply with the condition precedent to his right to recover against the company,—of performance on his part. The proposition is irrelevant. It was competent to the parties, by accord and satisfaction, to change the manner of Jackson's performance; and a substituted parol agreement, whether

made before or after breach of the covenant in the original agreement, is a good accord and satisfaction of the covenant. McCreery v. Day, 119 N. Y. 1, 23 N. E. 198. True, performance of the substituted promise is required to effectuate an accord and satisfaction; but this is so only provided it was not agreed that the promise should, in itself, take the place of the precedent obligation. Kromer v. Heim, 75 N. Y. 574. Such, however, was the agreement in the case at bar. Jackson testified that the company promised to accept the notes in payment of the agreed loan, and did so accept them. Ample consideration for the company's promise and acceptance is furnished by the facts that, relying upon them, Jackson forebore making the loan in money, and that the repudiation of the acceptance of the notes in satisfaction of the agreed loan will subject him to a forfeiture of the fruits of his further performance of the original agreement, and the recovery of the moneys actually paid on account of the agreed loan. If evidence of the substituted agreement is received without valid objection, it cures the omission to plead the agreement, (Fallon v. Lawler, 102 N. Y. 228, 6 N. E. 392;) and defendant's objection to the evidence was invalid, because no ground therefor was stated, (Crawford v. Railway Co., 120 N. Y. 624, 24 N. E. 305; Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457; Sterrett v. Bank, 122 N. Y. 659, 662, 25 N. E. 913; Stouter v. Railway Co., [Sup.] 6 N. Y. Supp. 163.) Any defect in the complaint which could have been obviated by amendment was waived by proceeding to trial without objection, and plaintiff was thereafter entitled to recover upon the cause of action as established by the evidence. Knapp v. Simon, 96 N. Y. 284.

It was harmless error for the trial justice to refuse to find, at defendant's request, that Jackson overdrew his account by $325.38. The justice found defendant entitled to a credit for that amount, and the same was allowed him out of the sum to which plaintiff was adjudged entitled. So, also, it was harmless error, if we concede appellant's contention that the company's liability to Jackson, arising out of its acceptance and retention of the latter's unpaid note for $2,250, was not among the issues litigated, or to be litigated, in this action, for the justice to conclude, as matter of law, that defendant was not liable to plaintiff by reason of the facts stated. The error was beneficial, rather than prejudicial, to defendant. Besides, if the liability was not among the issues litigated, or proper to be litigated, then the judgment is neither presumptive nor conclusive evidence for or against defendant in that respect. Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292. No error is presented by the record which requires reversal of the judgment. Judgment affirmed, with costs. All concur.