Alexander Lifshitz, Appellant, *v.* Lewis E. McConnell and Robert M. Evans, Respondents.

*Damages for breach of warranty on the sale of goods — it does not include the expense of their examination — objection to jurisdiction first raised on appeal.*

A vendee of goods, who on examining them discovers that they do not conform to the warranty under which they were sold, is not entitled, in an action to recover damages for the breach of the warranty, to charge the vendor with the time, trouble and expense involved in making the examination.

*Quære*, whether the objection that the Municipal Court of the city of New York did not have jurisdiction of a counterclaim for an amount in excess of $500, can be successfully urged for the first time upon an appeal from a judgment sustaining the counterclaim.

Appeal by the plaintiff, Alexander Lifshitz, from a judgment of the Municipal Court of the city of New York in favor of the defendants, entered on the 4th day of June, 1902, after a trial before the court without a jury.

*Florence A. Scheftel*, for the appellant.

*Ira Bliss Stewart*, for the respondents.

HIRSCHBERG, J. :

The appellant contends that the judgment is void for want of jurisdiction. The suit is brought to recover an alleged balance of $216.73 for goods sold and delivered, and the answer, in addition to a general denial, sets up a breach of warranty and damages resulting therefrom. The court allowed the plaintiff's claim in full and also allowed the defendants the sum of $657.58 damages for the alleged breach of warranty, judgment being rendered in the latter's favor for the difference, viz., $440.85, with costs. The chief contention on the appellant's part is, that as the amount of the defendants' counterclaim is in excess of $500, the limit of the jurisdiction of the Municipal Court, the claim could not be adjudicated in that court. In the view taken it is unnecessary to decide the question, as there must be a new trial in any event, and the question may not, and probably will not, be a practical one upon such new trial. It is, moreover, exceedingly doubtful whether this question of jurisdiction, not having been raised in any manner upon the trial, can be successfully urged for the first time upon appeal. (See *Huber* v. *Ehlers,* 76 App. Div. 602, 604.)

The claim of neither party to the suit was established by competent evidence, and the record furnishes no legitimate support for the judgment. The controversy arises from transactions under a written agreement executed by the parties on the 13th of August, 1901. By the terms of this agreement the defendants agreed to purchase of the plaintiff fifty dozen sweaters of his manufacture each week of the year commencing September 1, 1901, and to pay for them in cash at the price of six dollars per dozen, with a discount of seven per cent for samples No. 100 and 150 and of six per cent for sample No. 175. The agreement further provides that the samples referred to " are to be all wool and put up in 2/12 boxes and weigh six pounds in average from size 24 up to the size No. 34 inclusive." The sum which the plaintiff seeks to recover is for sales made under the agreement from February 14 to April 2, 1902, together with an alleged balance, according to the plaintiff's bill of particulars, of thirty-eight dollars and thirty-two cents arising from sales made prior to February 14, 1902.

The counterclaim set up in the answer consists of two items, viz., the sum of $468.62, being the alleged difference in value of the

sweaters because of the breach of warranty, and the sum of $154.90 for expenses alleged to have been incurred by the defendants in examining the merchandise in question. The total of the two items is $623.52, but the answer asks judgment for $627.02, and, as I have said, the court has allowed the defendants $657.58, being more than $30 in excess of their claim and nearly $35 in excess of the sum of the items constituting such claim.

The plaintiff's bill of particulars is made up of the $38.32 balance referred to, arising from sales made between September 1, 1901, and February 14, 1902, and of sales to the amount of $1,669.03, made between February fourteenth and April second; in all, the sum of $1,707.35, upon which sum credits for payment are allowed in the sum of $1,491.02, leaving $216.33 as the plaintiff's unpaid claim, an amount 40 cents less than that allowed by the court. But no proof was made upon the trial of the $38.32 balance arising from the first sales under the agreement, nor was any proof made of the following three items of the alleged subsequent sales, viz.: Of February twenty-sixth, $133.92; of March fifth, $6.85; and of March twelfth, $5.58. The plaintiff's claim as allowed was, therefore, almost wholly without proper support.

The allowance of the defendants' counterclaim was equally without any legal basis. It is undisputed that whatever sweaters were delivered to the defendants under the agreement were received and retained without examination, long after opportunity for examination had been afforded, and no valid reason is assigned for the defendants' failure to make such examination. The defects complained of were such as were readily discernible upon examination, the allegations of the answer being that the goods were "not in all respects equal to the said samples, but were imperfect, of inferior quality, poorly made, of bad sizes and color, not assorted according to orders, and were badly damaged and unmerchantable." If the facts justified the claim, they certainly do not relate to any express warranty contained in the written agreement, or to any implied warranty which would survive acceptance. As a matter of fact, the defendants made no examination until after this action was brought for the purpose of recovering the purchase money, a circumstance which tends to throw some discredit upon the alleged results of the examination, especially in view of the fact that no

serious fault appears to have been found with the plaintiff's previous delivery of goods under the agreement.

The court allowed the defendants the sum of $150 for their expenses in making the examination. There was no proof showing how these expenses were incurred. Two or three persons were employed by the defendants to make the examination, and they testified upon the trial as to the results. But none of them has been paid for his services, and no proof was given as to the value of the services. The expense thus incurred in making the examination was not a proper subject of offset or counterclaim, and should not be allowed under the circumstances even if established by competent evidence. The law imposes upon the purchaser the duty of examining his purchases upon delivery, and I know of no law which permits him to charge to the vendor the time, trouble and expense involved in the discharge of that duty. That the defendants could not be properly allowed damages in excess of the amount claimed in the answer is too plain a proposition to require discussion.

The judgment should be reversed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurrred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.