obtain jurisdiction over a foreign corporation. The judgment of dismissal was therefore proper, and the court could render a judgment against no other party but the plaintiffs.

Although the record does not show, nevertheless it is apparent that the judgment of dismissal was obtained expressly or tacitly by the plaintiffs. The attorneys who appear upon this appeal for "the respondent" state in their brief that the plaintiffs, "solely for the purpose of having the attachment reviewed by the court, had a judgment entered dismissing the complaint," and this is not disputed.

The judgment of dismissal having been properly entered, and so entered upon the request of or by consent of the plaintiffs, such judgment is not appealable (Dawson v. Parsons, 74 Hun, 221, 26 N. Y. Supp. 327), and their appeal therefrom should be dismissed, but without costs, as there is no defendant entitled thereto. All concur.

---

NEW YORK HYDRAULIC PRESS BRICK CO. v. CUNN et al.

(Supreme Court, Appellate Term. March 11, 1904.)

1. JUDGMENT—DIRECTED VERDICT—APPEAL—RIGHTS OF APPELLANT.
   On an appeal from a judgment on a directed verdict, the appellant is entitled to have the benefit of the most favorable inferences deducible from the evidence.

2. SALE BY SAMPLE—QUESTION FOR JURY.
   Whether a sale is a sale by sample is a question of fact for the jury.

3. SAME—BREACH OF WARRANTY.
   Whether there was a breach of warranty in a sale by sample is, under conflicting evidence, a question for the jury.

4. SAME—MEASURE OF DAMAGES.
   Where bricks are bought by sample, but those delivered are not of the same quality as the sample, the buyer is entitled to show, in an action by the seller to recover the price, the value of his building with the defective bricks used in the wall, and the value as it would have been, had the bricks been delivered according to the sample.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the New York Hydraulic Press Brick Company against William Cunn and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

Kurzman & Frankenheimer (Nathan Ottinger, of counsel), for appellants.

Phillips & Avery (Frank M. Avery and Henry W. Eaton, of counsel), for respondent.

GIEGERICH, J. The action was brought to recover $500, a balance claimed to be due for 53,000 bricks sold and delivered by the plaintiff to the defendants; $800 having been paid on account of the entire purchase price, of $1,330; the plaintiff waiving the excess above $500, so that the court below could have jurisdiction. The pleadings

were in writing. The answer denied the contract as alleged in the complaint, and set up a counterclaim for breach of warranty; claiming that the sale was by sample, and that the bricks delivered by the plaintiff did not correspond to the sample. Upon the trial the defendants gave testimony in support of the counterclaim, while the plaintiff's testimony was to the effect that the bricks were according to sample when delivered. The defendants admitted that they had used the bricks upon the front of a court erected by them in 111th street, between Amsterdam avenue and Broadway, borough of Manhattan, New York City, but claimed the right to do so, under the warranty upon the sale by sample, although the brick did not, upon inspection, correspond with the sample. The trial justice, however, was of the opinion that there was no warranty that survived acceptance, and directed a verdict in favor of the plaintiff for the amount claimed, and the defendants excepted. The defendants specifically asked to go to the jury upon each and every question involved in the case, stating each in full, which requests were refused, and they noted exceptions. The defendants have appealed to this court, and thus bring up for review the correctness of the rulings so made.

The first question presented for determination is whether or not there was a sale by sample. Ordinarily, even though there be no conflict in the evidence, but where the facts proved permit different inferences, it is for the jury to determine upon all the evidence whether the parties intended a sale by sample or a sale by description. Henry & Co. v. Talcott, 175 N. Y. 385, 393, 67 N. E. 617. The defendants adduced testimony to the effect that the bricks purchased by them should correspond with a certain brick selected by them; that such brick was a specimen of a quantity of bricks which were then in the plaintiff's factory in Rochester, N. Y.; that the defendants selected this specimen from a number of samples or specimens in the selling agent's office in the city of New York; and that, when ordering the bricks in suit, the defendants stated to the plaintiff's selling agents "that [referring to the samples] was the kind of brick we wanted," and that the color of the same was to be "just exactly like" the sample; furthermore, that, when such order was given, the plaintiff's selling agents were informed by the defendants that they were in a hurry for the bricks, and that they had previously ordered a different kind of brick, which the building department would not permit them to use. The plaintiff's evidence was that the defendants inquired of its selling agents what kind of light brick they could furnish for the court of the building, and that the agents informed them that they "had colored brick of light color," and that they "could offer them that brick for the work at the time," and "showed them the sample," and they (the defendants) "considered it for a time, and they said that they would take it, and to ship them as quickly as we (the plaintiffs) could." Also that the defendants, at the time, saw the brick produced on the trial and introduced in evidence, which was taken out of a panel the selling agents had in their office, put up there for display, and in plain view of any one entering the office. There was evidence, also, that the defendants' attention was called "to this particular panel," and that they saw this brick, or one similar in color, size, and shape. The plaintiff's counsel contend that

no sample from the bulk of the bricks to be delivered was exhibited or delivered to the defendants, and that hence there was not strictly a sale by sample. The record, however, as already seen, discloses sufficient evidence to have warranted the jury in finding that the brick so selected as a sample was a specimen of a quantity of bricks then in plaintiff's factory, and forming part of the bulk so purchased by the defendants.

The rule applicable to sales by sample is well expressed in Beirne v. Dord, 5 N. Y. 95, 99, 55 Am. Dec. 321, in these words:

"The mere circumstance that the seller exhibits a sample at the time of the sale will not of itself make it a sale by sample, so as to subject the seller to liability on an implied warranty as to the nature and quality of the goods, because it may be exhibited, not as a warranty that the bulk corresponds to it, but merely to enable the purchaser to form a judgment on its kind and quality. If the contract be connected by the circumstances attending the sale with the sample, and refer to it, and it be exhibited as the inducement to the contract, it may be a sale by sample, and then the consequence follows that the seller warrants the bulk of the goods to correspond with the specimen exhibited as a sample. Whether a sale be a sale by sample, or not, is a question of fact for the jury to find from the evidence in each case; and, to authorize the jury to find such a contract, the evidence must satisfactorily show that the parties contracted solely in reference to the sample exhibited; that they mutually understood that they were dealing with the sample, as an agreement or understanding that the bulk of the commodity corresponded with it, or, in other words, the evidence must be such as to authorize the jury, under all the circumstances of the case, to find that the sale was intended by the parties as a sale by sample. Waring v. Mason, 18 Wend. 425; Long on Sales (Rand. Ed.) 192; Story on Contracts, § 540; Gardiner v. Gray, 4 Camp. 144; Meyer v. Everth, Id. 22."

The foregoing rule was adopted and applied in the recent case of Henry & Co. v. Talcott, 175 N. Y. 385, 394, 67 N. E. 617, and in which the court, adverting to the subject of sales by sample, said (pages 390, 391, 175 N. Y., page 619, 67 N. E.):

"The chief reason for exempting sales by sample from the cardinal rule of caveat emptor is that the buyer has no chance to protect himself by an examination of the commodity sold. When the goods are in the presence of the parties at the time of the sale, and an adequate examination can be made, even if it is inconvenient or difficult, according to the weight of authority, the sale is not to be regarded as made by sample, in the absence of an express agreement to that effect. * * * We thus reach the foundation upon which sales by sample rest, for it is the absence of an adequate opportunity for inspection that excepts such sales from the rule of caveat emptor. As was said by the Supreme Court of the United States: 'One of the main reasons why the rule does not apply in the case of a sale by sample is because there is no opportunity for a personal examination of the bulk of the commodity which the sample is shown to represent.' Barnard v. Kellogg, 10 Wall. 383, 388 [19 L. Ed. 987]. Ordinarily, if the buyer had no opportunity to inspect the goods, and a sample is exhibited at the sale and offered him for examination, the courts would presume that it was a sale by sample. * * *' Tiedeman on Sales, § 188. This presumption is not conclusive, but 'may be rebutted by other facts—as, for example, when the seller refuses to sell by the sample.' Id."

A verdict having been directed in plaintiff's favor, the defendants are entitled upon this appeal to have the benefit of the most favorable inferences deducible from the evidence. Viewing, therefore, the proof in the most favorable light for the defendants, and applying to it the rule above quoted, there was sufficient evidence in the case to have warranted the jury in finding that there was a sale by sample.

Such being the case, the question arises whether, under the circumstances, the counterclaim could be allowed. The plaintiff contends (1) that there was no express or collateral agreement of warranty which survived the acceptance of the bricks after inspection; and (2) that the defendants, after having examined the bricks, accepted and used them in the building, and therefore they are estopped from now claiming that the same were not according to contract. The defendants, on the other hand, claim that the warranty was one that survived acceptance, and that therefore they were entitled to deduct from the contract price the damage which they have suffered by reason of the breach of warranty; it, among other things, appearing that, when delivered, the bricks, except those used in the first story, were nearly all chipped, and different from one another in color, presenting, when put in the wall, a mottled appearance. On the other hand, the plaintiff's evidence tended to show that when the bricks were delivered they corresponded in color to the sample, but that, owing to their having been allowed during a strike to remain uncovered in the street, they became discolored by dirt and rain. The defendants' witnesses denied this, and testified that during the strike the bricks had been properly covered in all cases, and were protected from the rain. The defendants further gave evidence that, although in the first and second stories the bricks were put up immediately after they were delivered, and before the strike began, the first story, though fairly uniform in color, did not correspond with the sample, while the second story differed very much from the first in color. The plaintiff claims, furthermore, that its contention as to the bricks being according to sample when delivered is supported by the receipts signed by the defendants or their representatives that the bricks had been delivered in good order. A receipt, however, is always open to explanation. An examination of the receipts so given discloses that the words "in good order" are printed in very small type, and the defendants' witnesses testified that the same were given only to indicate the number of bricks received, and to indicate nothing as to their quality. Moreover, the defendants testified that during deliveries they frequently made complaints to the plaintiff's representatives as to the kind of bricks they were receiving. There was thus a conflict of testimony as to whether or not there was a breach of warranty, which it was for the jury, and not the trial justice, to decide. Therefore it was error, under the circumstances, to refuse to submit that question to the jury.

The defendants produced evidence tending to show the value of the bricks in their defective condition, but they were not allowed to show the value of the building with the wall in the court as it is now, and with the wall as it would have been if the bricks had been delivered according to sample. We think the exclusion of such evidence was error. While ordinarily the measure of damage in cases of sales by sample is the difference between the actual value of the article as delivered and as it should have been, additional damages may be recovered where they are such as may be fairly supposed to have entered into the contemplation of the parties when they made the contract, where they are such as might naturally be expected to

follow its violation, and where they are capable of being definitely ascertained. Jones v. Mayer, 16 Misc. Rep. 586, 38 N. Y. Supp. 801; 15 Am. & Eng. Ency. of Law (2d Ed.) 1259.

It appears in evidence that the plaintiff was the manufacturer of the bricks in suit; that its selling agents knew that the same were intended for the front court of the defendants' building, and were urgently needed, because the defendants had previously ordered a different kind of brick, which the building department would not allow them to use; also that some bricks change color more quickly than others when put into a wall; that the bricks so delivered to the defendants were subject to such changes, and, although they knew the character of the bricks as to color, they did not communicate that fact to the defendants at the time of the sale; that the sample in question was selected because it represented the only light brick which the plaintiff had ready for immediate use; and that, although color was the most important particular inquired into at the time of the selection of the sample, the bricks, when put into the wall, greatly differed from one another in color, thus, according to one of the witnesses, making the wall look "like the American flag." It was further testified that, to cure the trouble, it would be necessary to paint the wall, at considerable expense. These additional elements clearly bring the case within the exceptional category where more than the mere difference in the value of goods can be recovered upon a sale by sample. It results from these views that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.