CROCKER-WHEELER COMPANY, Appellant, *v.* VARICK REALTY COMPANY and NATIONAL SURETY COMPANY, Respondents, Impleaded with Others.

*Contract to install an elevator — where time is of the essence thereof the owner, by permitting the work to be thereafter completed, waives that defense, but not the right to counterclaim his damages.*

Where time is of the essence of a contract for the installation of an elevator in a building, and, notwithstanding the failure of the contractor to complete the contract within the prescribed time, the owner of the building does not exercise its right to terminate the contract, but permits the contractor to go on and complete the work, the owner of the building thereby waives any right which it might have asserted to plead the delay in the performance of the contract as a defense to an action for the agreed price of the elevator.

Such owner does not, however, thereby waive its right to counterclaim, in an action brought by the contractor to recover the agreed price of the elevator, the amount of any actual damages which it has suffered by reason of the delay in performance.

APPEAL by the plaintiff, the Crocker-Wheeler Company, from an order of the Appellate Term of the Supreme Court, bearing date the 26th day of May, 1904, and entered in the office of the clerk of the county of New York, reversing a judgment of the City Court of the city of New York in favor of the plaintiff, entered on the 14th day of March, 1904, upon the decision of the court rendered after a trial before the court without a jury.

*Hartwell P. Heath,* for the appellant.

*John L. Wilkie,* for the respondent Varick Realty Company.

*L. Hollingsworth Wood,* for the respondent National Surety Company.

Determination affirmed, with costs, on the opinion of the court below, and judgment absolute ordered for the defendant, with costs.

Present — VAN BRUNT, P. J., PATTERSON, INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ.

The following is the opinion of SCOTT, J., delivered at the Appellate Term:

Scott, J. :

The plaintiff contracted with the defendant Varick Realty Company to furnish and install, in a building owned by said defendant, two electric elevators. One of the elevators was to be in operation by February 2, 1903, the installation of the other to be completed as quickly as possible after the installation of the first, ten days being mentioned as the probable time. It is made clear by the evidence that much stress was laid by defendant upon the necessity of having at least one elevator in running order by February second, and that plaintiff was distinctly notified that no contract would be made which did not definitely state the date for the complete installation of at least one of the elevators. There can be no doubt that it was thoroughly understood by both parties that the timely installation of at least one elevator was an important and essential element of the agreement. The reason for this insistence on the part of the defendant was that it had already negotiated and was about to execute a lease of the premises from February first, under which the tenant was to pay no rent until at least one elevator had been installed and was in running order. It was shown that the plaintiff at the time of making its contract with the defendant, or very shortly thereafter, had knowledge of the making of such a lease and that its agent in the transaction between plaintiff and defendant had knowledge of the special clause respecting the payment of the rent. At all events, from the character and size of the building the plaintiff might well be held bound to know that its value for rental purposes would be much affected by the existence or non-existence of proper elevator service. The plaintiff, for reasons which constitute no excuse, did not comply with its contract as to time, and did not complete either elevator until March second. The lessee of the building, under the terms of his lease, refused to pay the rent for the month of February, amounting to $1,750. Notwithstanding plaintiff's failure to complete its contract on time, the defendant did not exercise its right to terminate the contract for this reason, but permitted plaintiff to go on and complete the work. The effect of thus permitting the plaintiff to go on and perform, notwithstanding its default as to the time of performance, is well settled. The defendant thereby waived any right it might have asserted to plead the delay as a defense to an action for the agreed

price. (*Dunn* v. *Steubing*, 120 N. Y. 232.) It did not, however, thereby waive its right to counterclaim for any actual damage it might have suffered by reason of the delay. (*Granniss & Hurd Lumber Co.* v. *Deeves*, 72 Hun, 171.) Unless, therefore, the defendant in some way waived its claim for damages, it is still in a position to recover them. We can find no evidence of such a waiver. As has been shown, the mere forbearance to insist upon a forfeiture did not constitute a waiver. Nor did the letter from defendant's attorneys, which is much relied upon by plaintiff. That letter was dated March seventh, after the first elevator had been installed, and in terms applies to an elevator not then installed, by which must necessarily have been meant the second elevator concerning which no controversy exists. The error into which the court below fell was in treating defendant's acquiescence in the completion of the contract as a waiver of damages for non-fulfillment, instead of only a waiver of any defense to a claim for the contract price. Upon the case made the plaintiff was entitled to recover the unpaid balance of the contract price, but the defendant as against this was entitled to recoup its damages, if any, suffered by reason of the unexcused delay in installing the first elevator.

The judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.