### E. T. BURROWES CO. v. RAPID SAFETY FILTER CO.

(Supreme Court, Appellate Term. February 27, 1906.)

1. SALES—SALE BY SAMPLE.

    To constitute a sale by sample it must appear that the parties contracted solely in reference to the sample exhibited and mutually understood that they were dealing with it as an agreement that the bulk of the commodity corresponded with it.

    [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 188, 769–771.]

2. SAME—QUALITY—IMPLIED WARRANTY.

    Where an order for a number of window screens merely specified the style, wood, color, etc., to be used, the only implied warranty involved in the contract of sale was that the screen should be merchantable and free from any defect arising from the process of manufacture or the use of defective materials not discoverable by ordinary inspection and tests.

    [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 747.]

3. SAME—DEFECTIVE GOODS—RIGHTS OF BUYER.

    Where an article furnished under a contract of sale fails to correspond with the contract, the buyer has no right to retain the property and claim damages or refuse to pay the price.

4. SAME—REJECTION OF GOODS—COMPLAINT.
    A complaint by a purchaser of goods that they did not correspond with the contract does not amount to a rejection or an offer to return them.

5. SAME—DUTY TO INSPECT.
    It is the duty of a purchaser of goods to examine them within a reasonable time, to determine whether they are of the kind and quality ordered, and to offer to return them if they are not.
    [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 403–413.]

6. SAME—DELAY IN DELIVERY—WAIVER.
    Where goods were ordered upon an express condition that they be delivered before a certain date, and a delivery after that date was accepted without objection, all objections to the delay in delivery were waived.
    [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 458.]

7. APPEAL—VARIANCE—FAILURE TO OBJECT.
    Where, in an action on a contract, evidence of a waiver of one of its terms was admitted without objection, it could not be contended on appeal that this evidence was inadmissible because no waiver was pleaded.

8. SAME—RULINGS NOT EXCEPTED TO.
    A ruling denying a motion for judgment on the pleadings cannot be reviewed on appeal, where the ruling was not excepted to.

9. PLEADING—CONCLUSIONS—DEMURRER—ADMISSIONS.
    An allegation of an answer that plaintiff was a foreign corporation and had not complied with statutes regulating foreign corporations stated a mere conclusion, which was not admitted by demurrer.

10. DISMISSAL AND NONSUIT — MOTION — REQUISITES — SPECIFICATION OF GROUNDS.
    A motion to dismiss a complaint must specify the defects on which the motion is based.
    [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, § 162.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the E. T. Burrowes Company against the Rapid Safety Filter Company. From a judgment dismissing the complaint, defendant appeals. Reversed and remanded.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Maxson & Jones (Henry L. Maxson, of counsel), for appellant.

Myron H. Oppenheim (Clarence E. Mundy, of counsel), for respondent.

GIEGERICH, J. This action was brought to recover the agreed price of 25 window screens, made by the plaintiff and delivered by it to the defendant, pursuant to the latter's written order. The answer was a general denial, and for a second and separate defense it is alleged in substance that the plaintiff was a foreign corporation doing business within this state, that the action was brought upon a contract made within this state, and that the plaintiff had not complied with certain provisions of the general corporation law. The plaintiff demurred to such affirmative defense, but the demurrer was overruled, with costs. The action was then brought to trial, at which, before any testimony was taken, the defendant moved for judgment on the pleadings, which motion was denied.

The evidence consisted of the testimony of the agent who took the order and of the plaintiff's New York manager, the order in suit, and three letters, written either by or on behalf of the defendant to the plaintiff. The order referred to is dated April 27, 1904, and is for 25 window screens for inside use, of a specified style, wood, color, and netting, and on the back thereof appears written in black pencil: "Order given on condition that delivery be made by May 15th." The plaintiff conceded on the trial that the screens were not delivered until some time in June, 1904, and it offered in evidence, without objection, a letter from defendant to the plaintiff, dated September 2, 1904, which reads as follows:

"We herewith return to you your statement, amounting to $47.86, and beg to state that we will not honor the draft which you have made on us on the Citizens' National Bank. Our reasons are as follows: The screens were ordered in the month of May by our president, Mr. Myron H. Oppenheim, to be placed in the early part of June. The screens were delayed in shipment and did not arrive until the early part of June. Your New York office sent a man to put them up. He worked half a day, and did not complete a single screen; in fact, half of them were never brought to the windows at all. On the 2d day of July we wrote your New York office to this effect, and requested them to send a man immediately, if they desired us to keep the screens. This they did not do, and we wrote them again the first part of August. In the latter part of August a representative of the New York office called, and yesterday, September 1st, they sent a carpenter here, who fitted the screens to the windows. The screens themselves are not as Mr. Oppenheim ordered and are very cheap-looking affairs, and as they have been of no use to us all summer, and now the summer is gone, and it is time to take them down, we do not care to honor your drafts or pay your bills, as the matter will have to be placed before the president, Mr. Oppenheim, who is at this time in Europe and will not return until September 30th. If you take the trouble to investigate the matter, you will find the conditions are correctly stated."

A letter of the defendant's president, dated February 14, 1905, was also put in evidence by the plaintiff, in which he complains that the screens were not delivered on May 15th, saying:

"I left for Europe the latter part of June, and they were not put up at that time, nor were they put up for several months thereafter, at a time when we had no use for them, the summer being practically over, so that, even if your contention, which I deny, is correct, that they were made according to order, the fact that they were not delivered according to the time agreed upon, and that the order was a conditional one, to wit, 'Order given on condition that delivery be made by May 15th,' you will see at a glance that you cannot recover. I have had no use of the screens, and will not have until next summer, if then, and I therefore say to you that, if you have any fair and equitable proposition to make with respect thereto, I will be glad to entertain. If, however, you feel that you have a good cause of action against me, and do not care to make any proposition other than heretofore made by you, you may proceed, and I will be glad to have the court decide between us."

The plaintiff also put in evidence a letter of the defendant to it, dated August 11, 1905, in which it is stated:

"Regarding the amount of your account against us for $47.86, we wish to say that, if you will kindly forward us an itemized bill of this account, we will be pleased to check the same in return therewith."

Mr. Nelson H. Peppler, the plaintiff's New York manager, testified that he had a conversation with Mr. Oppenheim, the defendant's president some time in the winter of 1904, at the defendant's office in New York City, during the course of which he told him that the general

office of the company had written him to call for the purpose of effecting a settlement of the account, and that the defendant's president advised him "that the screens, in workmanship and materials, were not according to the contract, and he didn't intend to settle the account in full." This witness further testified that he saw some of the screens in the windows of defendant's place of business, and that in the summer of 1905 he was told by Mr. Harding, the manager of the defendant, at its office, that the president of the company was not in the city at the time, and that he knew of no reason why the screens should not be settled for, as they had been in use in the windows for some time.

At the close of the plaintiff's case, the defendant moved to dismiss the complaint on the ground that:

"The plaintiff has not made out a cause of action, and the evidence shows that the contract is breached on the part of the plaintiff in not complying with the conditions contained in the order in delivering the screens in question, to be delivered on May 15, 1904, and because of the fact that, even when the alleged delivery was made, September 1st or 2d, it does not appear that defendant accepted same as a good delivery."

Counsel for the plaintiff contended that there was a waiver by the defendant of the time specified in the contract:

"First, in receiving the screens in the month of June, as shown by the defendant's letter; second, in permitting the carpenter of the plaintiff to actually fit the screens to the windows; and, thirdly, on the further ground that the screens have not been returned to the plaintiff."

The justice thereupon dismissed the complaint without prejudice to a new action, and the plaintiff excepted. Such ruling seems to have been made upon the theory, as may be assumed from the justice's remarks immediately preceding it, that there was no waiver as to the time of delivery and the quality of the goods. The defendant contends that there was an "express warranty both as to time of delivery and the quality of the goods, which were to be paid for only if according to a certain description referred to in the order." This brings us to a consideration of the question whether the transaction in suit constitutes a sale by sample or a sale by description.

It is well settled by numerous decisions that, in order to constitute a sale by sample, it must appear that the parties contracted solely in reference to the sample exhibited, and mutually understood that they were dealing with it as an agreement or understanding that the bulk of the commodity corresponded with it. Beirne v. Dord, 5 N. Y. 95, 55 Am. Dec. 321; Smith v. Coe, 170 N. Y. 162, 63 N. E. 57; Henry & Co. v. Talcott, 175 N. Y. 385, 67 N. E. 617; New York Hydraulic P. B. Co. v. Gunn, 43 Misc. Rep. 330, 87 N. Y. Supp. 168. Applying the principle of these decisions to this case, it is plain that there was not a sale by sample. The record is barren of any evidence that any sample was shown, or that the parties even referred to one when the order was given. All it shows is that the order was received from the defendant and forwarded by the plaintiff's New York manager to the home office and factory of the plaintiff in Portland, Me. There being then no sale by sample, the defendant cannot invoke the remedy afforded by an express warranty, which generally survives the acceptance of the article by the vendee.

The transaction between the parties, as I construe it, was simply an executory contract of sale by a manufacturer of the article sold, and, under the circumstances presented, there was only an implied warranty that the article should be merchantable and free from any defect arising from the process of manufacture or the use of the defective materials not discoverable by ordinary inspection and tests. Bierman v. City Mills Company, 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635. Since there is no claim in this action that the screens had any latent defects, the cases where a manufacturer is held by an implied warranty against such defects are not applicable. The defendant, in this situation, had only the usual rights of a vendee under an executory contract for the sale and delivery of personal property, where the article furnished fails to correspond with the contract which do not include the right to keep the property and claim damages or to refuse to pay therefor. Reed v. Randall, 29 N. Y. 358, 86 Am. Dec. 305; Mason v. Smith, 130 N. Y. 474, 29 N. E. 749; Waeber v. Talbot, 167 N. Y. 48, 60 N. E. 288, 82 Am. St. Rep. 712; Smith v. Coe, supra; Richardson v. Levi, 69 Hun, 432, 22 N. Y. Supp. 352; Wallace, Muller & Co., v. Valentine, 10 Misc. Rep. 645, 32 N. Y. Supp. 121; National Keg & Box Co. v. Baker, 21 Misc. Rep. 35, 46 N. Y. Supp. 885.

As already seen, as early as September, 1904, the defendant knew that the screens did not conform to the order, and that, notwithstanding knowledge of such defect, it never returned, nor offered to return them. It is true, the defendant complained of the failure of the plaintiff to make such screens according to contract, but that did not amount to a rejection or to an offer to return the goods. Mason v. Smith, supra; Richardson v. Levi, supra. As was said in Mason v. Smith, 130 N. Y. at page 480, 29 N. E. at page 749:

"It became the duty of the defendants, on the arrival of the goods or within a reasonable time thereafter, to examine them and determine whether or not they were of the kind and quality ordered, and, if they were found not to comply as to quality or kind, to promptly rescind the contract and either return or offer to return the goods to the plaintiffs."

The defendant insists, moreover, that, since the order was given upon the express condition that it be filled before May 15th, such condition made time the essence of the contract, and that fulfillment after such time will not hold it, the purchaser. The evidence shows, however, that the screens were delivered long after the stipulated time, without objection on the part of the defendant, and hence it must be deemed to have waived all objection to their delivery after the time agreed upon. Bock v. Healy, 8 Daly, 156; Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315; Soltau v. Goodyear Vulcanite Company, 12 Misc. Rep. 131, 33 N. Y. Supp. 77; Toplitz v. King Bridge Co., 20 Misc. Rep. 576, 46 N. Y. Supp. 418. The defendant contends still further that, if the plaintiff intended to rely upon the waiver, it should have been pleaded, which was not done; but all evidence relating to this subject was introduced upon the trial without objection on the part of the defendant, and, as it was one of the main issues tried, it is now too late to raise such objections on appeal. Fallon v. Lawler, 102 N. Y. 228, 6 N. E. 392; Bicknell v. Spier, 7 Misc. Rep. 108, 27 N. Y. Supp. 386; Collins v. Butler, 179 N. Y. 156, 71 N. E. 746.

It is further argued that, inasmuch as the plaintiff demurred to the second affirmative defense, and as the demurrer was overruled, and no leave was obtained by the plaintiff to withdraw the same, the defendant was entitled to judgment, and that the justice made a proper disposition of the motion to dismiss the complaint. The portion of the answer referred to reads as follows:

"As and for a second affirmative defense, the defendant alleges, upon information and belief: First. That plaintiff is a foreign corporation, doing business within this state. Second. That the action is brought upon a contract made within this state. Third. That the plaintiff has not complied with sections 15 and 16 of the general corporation law of this state, or with section 181 thereof, being Laws 1892, pp. 1805, 1806, c. 687, and the amendments thereof and Laws 1896, p. 856, c. 908, § 181, and amendments thereof."

The record discloses that at the opening of the trial the defendant moved for judgment on the pleadings, without specifying any grounds. No exception was noted by the defendant to the denial of such a motion, and consequently such ruling cannot become the subject of review on appeal. Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177; Machauer v. Fogel, 21 Misc. Rep. 637, 47 N. Y. Supp. 1056. Moreover, the allegation contained in the third paragraph of the part of the answer above quoted is a mere conclusion, and therefore not admitted by the demurrer. Greeff v. Equitable Life Assurance Society, 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659; Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855.

The defendant finally argues that the first two allegations of the affirmative answer were admitted by the failure of the plaintiff to withdraw the demurrer, and that, in consequence thereof, the latter cannot maintain this action without producing a certificate pursuant to the statutory provision above mentioned. It will not be necessary to pass upon that point, however, as the defendant did not move to dismiss the complaint upon any such ground. A motion for a nonsuit or to dismiss the complaint, to be effectual, must specify the defects supposed to exist (Quinlan v. Welch, 141 N. Y. 158, 36 N. E. 12, and citations); the reason of the ruling being stated in the opinion of the court in the case just cited (page 166 of 141 N. Y., page 14 of 36 N. E.) to afford an "opportunity to supply additional proofs where it is possible." In the present case, the proof which, it is said, was not presented, might have been supplied without difficulty, in case it had been held that it was necessary for the plaintiff to supply, and the objection might thus have been obviated. It follows, from the views above expressed, that the dismissal of the complaint was error.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.