(115 App. Div. 342)

### BEYER v. HENRY HUBER CO.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. SALES—DELIVERY—DELAY—WAIVER BY ACCEPTANCE.

    An acceptance of goods not delivered within the time stipulated by the contract for their manufacture, and delivery does not necessarily preclude a claim for damages on account of the delay.

    [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 458.]

2. PLEADING—AMENDED ANSWER—TIME OF FILING—PURPOSE OF AMENDMENT —DELAY.

    In an action for goods manufactured and delivered, an amended answer, setting up a counterclaim based on delay in delivery of the goods, was filed within the time allowed for amendment as of course. Plaintiff prior to such amendment had noted the case for trial, and after the filing of the

amended answer moved to strike it under Code Civ. Proc. § 542, authoriz-
ing the striking of an amended answer where it appears that it was
served for the purpose of delay, and that a term will be missed thereby.
In support of the motion, plaintiff introduced letters showing an accept-
ance of the goods by delivery after the time for delivery had elapsed.
*Held* that, since an acceptance of delayed goods does not necessarily pre-
clude damages or a counterclaim for the delay, the answer was not so
conclusively shown to have been filed for delay as to justify the court in
striking it out.

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Augusta H. Beyer against the Henry Huber Company.
Appeal by defendant from an order striking out his amended answer.
Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE,
HOUGHTON, and SCOTT, JJ.

Donald McLean, for appellant.
Carlton B. Pierce, for respondent.

SCOTT, J.    The complaint is for the price of certain goods manu-
factured and delivered to defendant.    The original answer, compris-
ing a general denial, was served on May 14, 1906, and on June 2,
1906, the defendant served an amended answer, which, in addition to
a general denial, comprised two counterclaims for damages, based
upon allegations of delay by plaintiff in the delivery of the goods.
Prior to the service of the amended answer, and within the time al-
lowed to defendant by law to amend the answer as of course, the
plaintiff had noticed the cause for trial and placed it upon the calendar.
Upon the plaintiff's motion, under section 542 of the Code of Civil
Procedure, an order was made striking out the amended answer, as
served for delay, unless the defendant would consent in writing that
a reply be served and that the cause retain its place upon the calendar.
From this order the defendant appeals.

No criticism is made as to the form of the amended answer, and
there is no question that it was served within the statutory time.    The
plaintiff, in support of his motion, submitted certain letters between
the parties tending to show that defendant had actually accepted de-
livery of the goods after the time provided in the contract for their
delivery had elapsed.    The order appears to have been made upon the
assumption that the defendants, by accepting the delivery of the
goods long after the time stipulated in the contract, had acquiesced
in the default, and thereby debarred itself from claiming damages
for the delay, and therefore that the counterclaims were obviously
invalid and must have been interposed in bad faith and for the purposes
of delay.    In this we think the court overlooked the distinction be-
tween the defense of an action for the contract price for work done
and materials furnished on the ground of delay in fulfillment and the
assertion of a counterclaim for damages arising from such delay, a
distinction recently pointed out by this court.    Crocker-Wheeler Co.
v. Varick Realty Co., 104 App. Div. 568, 88 N. Y. Supp. 412, 94 N.
Y. Supp. 23.    The authority cited by the learned court below (E. T.

Burrowes Co. v. Rapid Safety Filter Co. [Sup.] 97 N. Y. Supp. 1048) involved an attempted defense on the ground that the goods as delivered did not comply with the contract requirements. The defendant had nevertheless, with knowledge of the defects, accepted and used the goods, and there was no question of a counterclaim involved. That case, however rightly decided, affords no authority for the proposition on behalf of which it is now invoked. The accepted rule is thus stated by the General Term of this court in Granniss & Hurd Lumber Co. v. Deeves, 72 Hun, 171, 25 N. Y. Supp. 375, as follows:

"Undoubtedly the defendant had the right to terminate the contract if the plaintiff was not proceeding with that diligence which the terms of the contract required. But this was not the only remedy. He had the right to let the plaintiff, go on and complete the work, and then he had the right to say: 'I will pay you for the work you have done, and I want the damages you have caused me in not doing the work as you agreed to do it.'"

This is the position which the defendant takes here, and it cannot be said that the counterclaims sought to be pleaded were so obviously invalid in law as to compel the inference that they were pleaded only for the purposes of delay. If the defendant's statutory time to amend his pleading had elapsed and he was appealing to the court to be allowed to amend as a favor, it might be deemed to be incumbent upon him to show that his counterclaims rested upon some substantial basis as matter of fact. But he was not asking for a favor. On the contrary, he was within his rights in serving his amended answer, and unless his counterclaim was clearly invalid in law, as it was not, the court should not upon a motion of this character find them to be unfounded in fact.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

O'BRIEN, P. J., and INGRAHAM and CLARKE, JJ., concur.

HOUGHTON, J. (dissenting). The facts established on the motion warranted the Special Term in holding that the goods contracted to be sold, although not delivered at the specified time, were delivered and accepted at a subsequent date, without protest or reservation of any rights on the part of the vendee. This state of facts constituted a waiver by the vendee of any claim for delay in delivery which bars any recovery upon a counterclaim. I dissent from a reversal of the order because I think the proper rule of law applicable to the facts is not stated in the prevailing opinion.

The rule with respect to the completion of a building contract within a specified time does not apply to a contract for the sale and delivery of goods where the goods are accepted after the stipulated time, without protest and without any reservation of damages for failure to deliver. Such acceptance of delivery by the vendee consitutes a waiver of any claim for delay because of failure to deliver at the stipulated time. Roby v. Reynolds, 65 Hun, 486, 20 N. Y. Supp. 386; E. T. Burrowes Co. v. Rapid Safety Filter Co. (Sup.) 97 Supp. 1048.

It appearing that the defendant had waived any claim for damages, the court was justified in holding that the answer was interposed for delay, and the order made was right and should be affirmed.