## LOWENBERG CO. v. BLOCK.

(Supreme Court, Appellate Term, First Department.  March 7, 1913.)

1. SALES (§ 271*)—SALE BY SAMPLE.
    A sale by sample contemplates that the goods are in esse, and that the sample is taken from the bulk, and that the bulk is equal in quality to the sample.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 769–771; Dec. Dig. § 271.*]

2. SALES (§ 73*)—SALE BY SAMPLE—CLOTHING.
    Where defendant ordered a quantity of bartender coats to be manufactured by plaintiff according to a sample exhibited to plaintiff and according to size and measurements furnished by defendant, the sale was not by sample; the sample coat being a mere indication of style.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 188; Dec. Dig. § 73.*]

3. SALES (§ 179*)—COATS TO BE MANUFACTURED—ACCEPTANCE—WAIVER OF DEFECTS.
    Where defendant ordered a lot of bartender coats to be manufactured by plaintiff, and after the coats had been delivered they were sent out to defendant's customers and retained for as long as three weeks, there was an acceptance by defendant which constituted a waiver of defects of dimensions, principally in the length of the sleeves.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 456–468; Dec. Dig. § 179.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Lowenberg Company against Frank Block. From Municipal Court judgment in favor of defendant after a trial before the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Russel W. Leary, of New York City, for appellant.
Jacob Grudberg, of New York City, for respondent.

GERARD, J. This action was brought by plaintiff to recover the purchase price of certain goods manufactured by the plaintiff in pursuance of an order given by defendant. The goods were thereafter delivered to defendant. The agreed price of these goods was $264.75. Defendant was concededly entitled to a credit of $66.83 for certain goods returned, leaving an unpaid balance of $197.92, to recover which this action was brought. The goods in question consisted of vests and coats. There is no dispute with reference to the giving of the order, the price agreed, or as to the fact that goods to the amount claimed were delivered by plaintiff to defendant. The defendant set up, both

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as a defense to plaintiff's claim and as a counterclaim for which he sought affirmative judgment, an alleged breach of warranty and consequent damages. The court below rendered judgment dismissing the complaint and in favor of the defendant in the sum of $25 upon defendant's counterclaim.

The breach of warranty alleged was defect, not of quality, but in the sizes of the coats furnished. The coats were required by the defendant for a supply business which sent out coats to bartenders and chefs, who then returned the coats to defendant to be washed and returned to them. A sample coat was exhibited to plaintiff, who directed the coats to be made in accordance with certain dimensions—that is, some coats 31x38 others 31x35, others 32x44, and so on—and the alleged breach of warranty complained of was that the coats did not fit the various bartenders and chefs for whom they were supposed to have been made. The coats were received from the plaintiff and were sent out by defendant to the bartenders and chefs, who claimed that the coats did not fit and returned them to the defendant. These coats were supposed to be made according to the dimensions furnished to plaintiff by defendant, and there was never any trying on or even measuring by plaintiff of the particular bartenders and chefs for whose use the defendant was ordering these coats.

[1] The sale, therefore, was the same kind of sale as that in the case of Smith v. Coe, 55 App. Div. 585, 67 N. Y. Supp. 350, affirmed with opinion in 170 N. Y. 162, 63 N. E. 57. The sale was not strictly a sale by sample. Such a sale contemplates that the goods are in esse, that the sample is taken from the bulk, and that the latter is equal in quality to the sample.

[2] Here a coat was exhibited and then a contract entered into to manufacture that style of coat according to the measurements furnished by the defendant. The case at bar seems on all fours with Smith v. Coe, supra, where it was held that the mere fact that the buyer selected a certain type or style of bicycle and ordered bicycles of the same kind with detailed specifications did not constitute a sale by sample. See, also, Burrowes v. Rapid Safety Filter Co., 49 Misc. Rep. 539, 97 N. Y. Supp. 1048.

[3] The merchandise which was the subject of this action was not in existence when the order was given. It was to be manufactured in accordance with the specifications of the defendant, and it is the well-settled law of this state that the acceptance by the vendee of goods manufactured under an executory contract is a waiver of any defects which can be ascertained by a reasonable inspection. Studer v. Bleistein, 115 N. Y. 316, 22 N. E. 243, 5 L. R. A. 702; Coplay Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335; Lifshitz v. McConnell, 80 App. Div. 289, 80 N. Y. Supp. 253.

The defects here alleged were defects of dimensions, principally in the length of the sleeves. These were defects which could be easily ascertained on inspection. There is nothing latent about the length of a coat sleeve. There is no question about the delivery of the goods, and some of the goods were in the hands of defendant's customers for a period as long as three weeks. No attempt was made to send

back the goods until a considerable time had elapsed after their delivery and after the goods had been laundered and stamped and sent out to his customers by defendant.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.